## NORTON et al. v. WHEATON.

### (Circuit Court, N. D. California. July 10, 1893.)

1. PATENTS FOR INVENTIONS — CONSTRUCTION OF CLAIMS — CAN-HEADING MACHINES.

    Letters patent No. 267,014, issued November 7, 1882, to Edwin Norton for a can-heading machine, cover an invention of a primary character, are entitled to a broad and liberal construction, and are infringed by a machine which operates upon essentially the same principles, though differing structurally in some features from the patented machine. Norton v. Jensen, 1 C. C. A. 452, 49 Fed. Rep. 859, followed.

2. CIRCUIT COURTS—FOLLOWING DECISIONS OF CIRCUIT COURT OF APPEALS.

    It being a matter of opinion whether or not there is antagonism between certain cases, the circuit court cannot assume that there is antagonism between the decisions of the circuit court of appeals for that circuit and those of the supreme court, such as will warrant the circuit court in re-examining a question clearly decided by the circuit court of appeals.

3. SAME.

    Where the circuit court of appeals has decided that a claim in a patent is entitled to a broad and liberal construction, a circuit court cannot afterwards adopt a narrower construction, on the ground that the language of the claim was restricted while in the patent office.

In Equity. Suit by Edwin Norton and others against M. A. Wheaton for infringement of letters patent No. 267,014, issued November 7, 1882, to Edwin Norton for a "machine for putting on the ends of fruit cans." Decree for plaintiffs.

Munday, Evarts & Adcock and Haven & Haven, for complainants.
Wheaton, Kalloch & Kierce, for respondent.

McKENNA, Circuit Judge, (orally.) This is an action for an infringement of a patent for automatically applying tight-fitting heads on cylindrical cans. The case has been very ably presented, and I have given a very careful consideration to the testimony and to the arguments of counsel, oral and written. The impressions I expressed at the oral argument still prevail, and I am satisfied that the case is practically decided for me by the decision in Norton v. Jensen, 1 C. C. A. 452, 49 Fed. Rep. 859, in United States circuit court of appeals for this circuit. In this case the court said Norton's patent was of a primary character, and "entitled to a broad and liberal construction," and held the Jansen machine, though in many respects an improvement on Norton's machine, an infringement; applying the doctrine of McCormick v. Talcott, 20 How. 405, and Machine Co. v. Lancaster, 129 U. S. 273, 9 Sup. Ct. Rep. 299.

The defendant in this case, however, insists that the doctrine in these cases is misapprehended in Norton v. Jensen; but this inquiry is hardly open to me, nor may I, as defendant urges I may, assume an antagonism between the decisions of the supreme court and the decision of the court of appeals. Whether there is or is not antagonism between cases must be a matter of opinion, and I surely have no power, if I had the inclination, to substitute my interpreta-

tion of the decisions of the supreme court for the interpretation of the court of appeals. If the court of appeals has made a mistake, it only can correct it.

Assuming the decision in Norton v. Jensen to be correct, the resemblances found in the Jensen machine to the Norton machine may be asserted of the defendant's machine. I do not mean structural similarity, but the similarity which in legal effect brings it within the scope of the decision. In the Norton machine the can heads are forced into or through certain spaces, called in the patent "annular." These spaces are of the diameter of the can heads, and were enlargements at the ends of the mold, which seized and held the can body while the head was applied. The purpose of this space was, to quote the patent, for the reception "of the flange of the can head." The combination of the first claim is the mold, with this space, with, to again quote the patent, "a device for forcing the can head into said annular space, and thereby applying the head outside of the can body." This device was a piston, which was really the instrument through which power was applied to force the head and can body together in a straight line. It not only pushed the can head into a space, but, by aid of the space, centered and applied it to the can body,—a function important to be remembered. In the Jensen machine the can head dropped, or was pushed by a spring, into a space which was not integrally a part of the seizing and holding mold, but which became substantially a part of it at the instant of the contact of the head and body; a piston being, as in the Norton machine, the instrument of application applied, not to the head, but to the body, pushing it to the head. The difference between the machines, therefore, is that in the Norton machine the head is pushed, by the operating piston, to the body, and in the Jensen the body was pushed to the head.

There was a dispute raised in the testimony as to whether the Jensen machine had a device which forced the can head into an annular space, and it is doubtful if it had, in a literal sense of the words of Norton's patent; but the court of appeals took no notice of the dispute, even when called to its attention in the petition for rehearing, as counsel for defendant has pointed out regarding the devices equivalent, notwithstanding the structural disparity. The court apparently considered the annular space but as a part of the mold, whether integrally so, as in the Norton patent, or substantially so, as in the Jensen patent; its purpose being not only to receive the can head, but to "center the can head accurately in line with the can body, as the head and body are forced together by the piston." In other words, the can head is not forced into the annular space as a seat, but through or rather by means of it the can head is accurately centered, and applied to the can body. It is manifest, without such space somewhere,—that is, a space excessive of the diameter of the can body,—either in the part which holds the can, or the part which holds the head, the can heads and bodies could not be applied at all. At any rate, the court found substantial sameness between the Norton and Jensen molds, and substantial same-

ness in principle. It said: "* * * The differences pointed out are mostly formal, and do not present any substantial differences in the principle of the operation of the respective machines." The defendant's machine differs in some particulars from the Jensen machine, and is probably an improvement, and, being so, properly patented; but I do not think the differences are great enough to avoid the comprehensive construction of plaintiff's patent given by the court of appeals.

It is claimed by the defendant that plaintiff changed his claim, in conformity with a ruling of the patent office, so as to make one of its elements a device for forcing the can head into the annular spaces, instead of making it a device for forcing the can head upon the body. There is no doubt that a claim restricted in the patent office cannot be afterwards enlarged; but what a claim at any time means is a matter of interpretation.

It is conceded that in the second of the original claims the annular space is mentioned, and the movement of the can body to the head, and the head to the body, are held by the court of appeals in Norton v. Jensen to be equivalent, and both movements covered by the language of the claims. In view of this it is not competent for me to hold that a change in the claims restricted the patent to a device only which forced the can head into an annular space.

There were a number of patents introduced in evidence, which it is not necessary to consider at length. The testimony shows that some were subsequent to Norton's invention, and the others were not introduced, counsel says in his brief, as anticipation.

Decree for plaintiff.