## TEXAS & P. R. CO. v. BLOOM.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1894.)

No. 191.

1. WRIT OF ERROR—ISSUE AND RETURN—DISMISSAL.
A writ of error will not be dismissed because returnable within 30 days, as prescribed by rule of court, although authorized by order of the judge allowing it to be made returnable within 60 days, or because the citation is returnable within 30 days, and not on any specified day, or because the prayer for reversal was filed after the assignment of errors.

2. CIRCUIT COURT OF APPEALS—JURISDICTION.
A circuit court of appeals has jurisdiction of a case in which the jurisdiction of the court below is in issue, or which involves the construction or application of the federal constitution (Act March 3, 1891, § 5), if other questions are also involved.

3. RAILROAD COMPANIES—RECEIVERS—DAMAGES FROM OPERATION OF ROAD.
Where earnings of a railroad while in the hands of a receiver, more than sufficient to pay claims for damages from negligence in the operation of the road by him, are diverted into betterments, of which the railroad company has the benefit on the return of the property to it, an action at law on such a claim may be maintained against the company, and a personal judgment may be rendered against it thereon. Railway Co. v. Johnson, 13 S. W. 463, 76 Tex. 421, followed.

4. SAME — DISCHARGE OF RECEIVER — LIMITATION OF TIME FOR PRESENTING CLAIMS.
An order discharging the receiver of a railroad, restoring the property to the railroad company, and requiring all claims against the receiver to be presented to the court before a certain date, in default whereof they shall be barred, does not preclude the recovery, on a claim not presented within that time, of a personal judgment against the railroad company, on the

ground that it has received in betterments earnings out of which such claim should have been paid. Railway Co. v. Johnson, 13 S. W. 463, 76 Tex. 421; Id., 14 Sup. Ct. 250, followed.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action by Vic Bloom against the Texas & Pacific Railroad Company and John C. Brown, receiver of the company, for damages for personal injuries, brought in a court of the state of Texas and removed to the United States circuit court. The receiver died, and thereafter the action was prosecuted against the railroad company. Said defendant's demurrers to plaintiff's pleadings were overruled, and the cause was tried before a jury, which found a verdict for plaintiff, and judgment was entered thereon. Defendant brought error.

Plaintiff was injured on August 27, 1888, while a passenger on the railroad of defendant company, of which defendant Brown had been appointed receiver by the United States circuit court for the eastern district of Louisiana. The action was begun on January 2, 1889. Plaintiff's petition alleged that while, at the time of the injury, the receiver was ostensibly operating and controlling the road, it was in truth operated by him for the exclusive benefit of the railroad company, and the company was receiving its earnings; that the court which appointed the receiver had made an order discharging him, on October 31, 1888, except as to judgments and claims against him as receiver, or against the railroad in his hands, which might be presented, or on which suit might be commenced, by February, 1889, and directing him to account to the railroad company for all receipts, and to deliver to it its railway and all its property and effects, to be received and held by it subject to all claims against the receiver which might be presented, or upon which suit might be commenced, by February, 1889. The petition further alleged that the property was placed in the hands of the receiver at the instance of the railway company, and for its own benefit, and that the receivership was fraudulently procured; that the current receipts and earnings of the road, to the amount of several million dollars, were used in the betterment of the property, and were being so used at the time plaintiff was injured; that the road was never sold, and that, before plaintiff was injured, the railroad company to all intents and purposes took and still was in possession of the property, including said betterments. The order discharging the receiver, attached to and made part of the petition, contained provisions that the property should be turned back to the railroad company, subject "to any and all judgments which have heretofore been rendered in favor of interveners in this case, and which have not been paid, as well as to such judgments as may be hereafter rendered by the court in favor of interveners while it retains the cases for their determination, or interventions now pending and undetermined or which may be filed prior to February, 1889;" and that "all claims against the receiver as such up to October 31, 1888, be presented and be prosecuted by intervention prior to February 1, 1889, and, if not so presented by that date, the same to be barred, and shall not be a charge on the property of said company."

The railroad company answered by general demurrer and by special exceptions, to the effect that it appeared by plaintiff's petition that, if plaintiff had any claim against the property in the hands of the railroad company, it was barred by the terms of the order discharging the receiver, pleaded the general denial, set up contributory negligence, and pleaded the order discharging the receiver as a bar to any recovery in this suit.

Plaintiff replied by a general denial and special replication, alleging that the receiver had died since the institution of the suit; that plaintiff was not a party to the suit in which the order discharging the receiver was made, and was not affected thereby; that, on the final discharge of the receiver, the railroad company took its property, including the earnings, receipts, and

betterments of its road while in the hands of the receiver; and that the railroad company, at the date plaintiff was injured, was receiving all the earnings and current receipts of its railroad, and held and operated the same for its own benefit. To this defendant demurred. The circuit court overruled defendant's demurrers, and the jury found a verdict for plaintiff for $8,000, and judgment was entered thereon.

The defendant railroad company assigned various errors in overruling its demurrers, in admission of evidence, in giving and refusing to give certain instructions, and in rendering judgment on the verdict, some of which presented questions as to the right of plaintiff to maintain an action at law against defendant for the injuries alleged, and the jurisdiction and power of a court of law to render a personal judgment against defendant, on the ground that the jurisdiction of the cause of action was in equity, and that the judgment, if any, should have been a decree enforcing the claim against the property; others raised questions as to the effect of the order discharging the receiver and requiring all claims against him to be presented by a certain date, and declaring that, if not so presented, they should be barred, and should not be a charge on the property of the company; and another raised a question of plaintiff's contributory negligence, which was not pressed on the argument.

Thereafter defendant in error moved to dismiss the writ of error on the grounds that, although the order of the judge allowing the writ authorized it, when sued out, to be made returnable in 60 days therefrom, it was not returnable in that time, or on any certain specified day, but within 30 days; that the citation was not made returnable on any certain day, but within 30 days from its date; that the prayer for reversal was not filed at the same time with the assignments of error; and that the circuit court of appeals had no jurisdiction of the writ of error or of the questions involved, because the jurisdiction of the court below, and its power to render the judgment, were in issue, and the questions raised by the assignments of error involved the construction or application of the federal constitution.

T. J. Freeman, for plaintiff in error.

James G. Dudley and W. S. Moore, for defendant in error.

Before McCORMICK, Circuit Judge, and LOCKE and TOULMIN, District Judges.

McCORMICK, Circuit Judge. The motion of the defendant to dismiss this writ of error we do not consider well taken, and it is refused.

The substantial issues pressed by the plaintiff in error have been fully litigated by it in recent cases in the state courts. Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463; Railway Co. v. Overheiser, 76 Tex. 437, 13 S. W. 468; Railway Co. v. Griffin, 76 Tex. 441, 13 S. W. 471. On the authority of these cases, as affirmed by the supreme court of the United States in Railway Co. v. Johnson, in their opinion delivered January 3, 1894 (14 Sup. Ct. 250), the judgment of the circuit court must be affirmed.