JENKINS, Circuit Judge,
after such statement of the case, delivered the opinion of the court.
At the threshold we are confronted with an objection to the jurisdiction of this tribunal to entertain the appeal which seems insuperable. There is no question involving the jurisdiction of the court below. That jurisdiction rested upon the ground that the suit was instituted to uphold a right secured by the constitution and laws of the United States, of which the complainant below was sought to be deprived under color of the laws of the state of Indiana, and the decision below held those laws to be unconstitutional and void. The fifth and sixth sections of the act of March 3,1891, whereby this court was established, and its jurisdiction defined (26 Stat. 826, c. 517), classify the cases which may be taken by appeal or writ of error from the circuit or district courts to the supreme court of the United States, and those which may be taken to this court. The fifth section provides that appeals or writs of error in the following cases may be taken directly to the supreme court of the United States: (1) In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision. (2) From the final sentences and decrees in prize causes. (3) In case of a conviction of a capital or otherwise infamous crime. (4) In any case that involves the construction or application of the constitution of the United States. (5) In any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, is drawn in question. (6) In any case in which the constitution or law of a state is claimed to be in contravention of the constitution of the United States. Section 6 provides that the appellate jurisdiction of this court shall be exercised to review by appeal or by writ of error the final decisions in the district courts and the pxiafiup- circuit courts in all cases other than those provided for in section 5, unless otherwise provided by law. This section also enumerates the cases in which the judgment or decrees of this court shall *3 be final, recognizing its right to certify to the supreme court any question or proposition of law within the appellate jurisdiction of this court concerning which it desires the instruction of that court for its proper decision.
While it is true that the bill asserts jurisdiction in the court below in part upon the ground that it is a suit arising under the patent laws of the United States, it cannot be said that in any just sense this is a case arising under the patent laws of the United States, so as to confer jurisdiction by appeal upon this court, and in respect to which its decision would be final. It is true that the wrong complained of had for its subject-matter the taxation of rights secured by letters patent issued by the United States under its patent laws. It is not correct, however, to say that, therefore, a suit to prevent such taxation arises under the patent laws of the United States. Brown v. Shannon, 20 How. 55; Hartell v. Tilghman, 99 U. S. 547; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550; Manufacturing Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756; U. S. v. Palmer, 128 U. S. 262, 269, 9 Sup. Ct. 104; Marsh v. Nichols, 140 U. S. 344, 11 Sup. Ct. 798; Wade v. Lawder (decided March 1, 1897) 17 Sup. Ct. 425.
The question at issue is whether the statutes of the state of Indiana authorizing such taxation are repugnant to the constitution of the United States. That is not a question arising under the patent laws of the United States. The jurisdiction of the court below, there being no diversity of citizenship of the parties, rested and could rest only upon the ground that the constitutional rights of the complainant below were infringed by the laws of the state of Indiana which were repugnant to and in contravention of the constitution of the United States. The statute provides that in such cases appeals or writs of error may be taken directly to the supreme court. The case fa’lls within the classification of cases in section 5 over which this court has no jurisdiction upon appeal. It is urged that we should entertain the jurisdiction and certify the question of the validity of the laws of Indiana to the supreme court. That we cannot do. If we have jurisdiction, we may decide the question without certifying it to the supreme court. If we have not jurisdiction, we cannot acquire it by, or assume it for the purpose of, the discretionary act of certification. The decisions in McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118; Maynard v. Hecht, 151 U. S. 324, 14 Sup. Ct. 353; U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39; In re New York & P. R. S. S. Co., 155 U. S. 523, 531, 15 Sup. Ct. 183; In re Lehigh Min. & Manuf’g Co., 156 U. S. 322, 326, 15 Sup. Ct. 375; Shields v. Coleman, 157 U. S. 168, 176, 15 Sup. Ct. 570; Colvin v. City of Jacksonville, 157 U. S. 368, 15 Sup. Ct. 634,—in which it was held that in cases where the jurisdiction of the lower court is involved, the party “must elect whether he will take his writ of error or appeal to the supreme court upon the question of jurisdiction alone, or to the circuit court of appeals upon the whole case; if the latter, then the circuit court of appeals may, if it deem proper, certify the question of jurisdiction to this court,”—have reference only to cases involving the jurisdiction of the court below, which are comprehended within the first subdivision of the fifth section of the act. They have no application to the other subdivisions of the *4 section, which classify the cases in which the supreme court has jurisdiction upon appeal or writ of error. In those cases its jurisdiction is exclusive. Horner v. U. S., 143 U. S. 570, 576, 12 Sup. Ct. 522; Carey v. Railway Co., 150 U. S. 170, 181, 14 Sup. Ct. 63; Chappell v. U. S., 160 U. S. 499, 509, 16 Sup. Ct. 397; Scott v. Donald (Jan. 18, 1897) 165 U. S. 58, 17 Sup. Ct. 265. The circuit courts of appeals have jurisdiction only in cases other than those provided for in section 5. This case is therefore one in which the jurisdiction of the court below and the right to relief depended upon the question whether the laws of the state of Indiana which sanctioned the taxation in question were in contravention of the constitution of the United States, and therefore a case arising under the constitution or laws of the United States. It was so considered by the court below, and relief was granted solely upon that ground. We are constrained to the conclusion that this court has no jurisdiction of an appeal from that decree, and that the proper and only remedy of the appellants is by appeal to the supreme court of the United States. Appeal dismissed.