## CITY OF INDIANAPOLIS v. CENTRAL TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Seventh Circuit. December 10, 1897.)

### No. 439.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—ORDER INVOLVING CONSTITUTIONAL QUESTION.

An injunction restraining the enforcement of a statute reducing the rates of fare chargeable by plaintiff, a street-railroad company, was sustained by the circuit court on the ground that such statute was in violation of the state constitution, which provided that corporations should be created only by general law, while the statute in question was an amendment of the general law under which plaintiff was incorporated, but applied to no other corporation of the state. *Held*, that the circuit court of appeals was not without jurisdiction of an appeal from the order on the ground that the contract clause of the federal constitution was involved, which fact gave exclusive appellate jurisdiction to the supreme court, since such claim could only arise in case the statute in question was passed in violation of the provision of the state constitution, in which case it was invalid, without reference to the question of impairment of contract.

2. SAME—IMPAIRMENT OF CONTRACT RIGHTS—STATE STATUTE.

But the further contention in support of said injunction, that, if valid, the statute was an impairment of a vested contract right to charge a higher rate of fare, given plaintiff by the city ordinance under which it constructed its road, involves the application of the contract clause of the federal constitution, and fixes exclusive jurisdiction of an appeal in the supreme court.

Appeal from the Circuit Court of the United States for the District of Indiana.

Bill by the Central Trust Company of New York against the city of Indianapolis and others. Heard on motion by complainant to dismiss an appeal by defendant city from an order sustaining a preliminary injunction. 82 Fed. 1.

The appellee has entered a special appearance, and moved, in writing, to dismiss the appeal, for want of jurisdiction of this court over the subject-matter. The particular grounds on which the jurisdiction is denied are: First, that the case involves a question of the impairment of a contract, in violation of section 10 of article 1 of the national constitution, and a question of the denial of the equal protection of the laws, under section 1 of the fourteenth amendment to that constitution; and, second, that in this case a law of the state of Indiana is claimed to be in contravention of the constitution of the United States in the two particulars above stated. The appeal is from an interlocutory order for an injunction pendente lite. The suit was brought by the appellee, the Central Trust Company of New York, against the city of Indianapolis, the Citizens' Street-Railroad Company, and Charles S. Wiltsie, all citizens of Indiana. The bill, briefly stated, shows that the complainant is the trustee in mortgages made by the Citizens' Street-Railroad Company upon its franchises and plant to secure the payment of bonds to the amount of $4,000,000, with interest, of which bonds one-fourth are held in reserve, to take up earlier mortgages, and three-fourths have been issued, and are in the hands of innocent purchasers for value; that Wiltsie is the prosecuting attorney of Marion county, Indiana, charged with the enforcement of the criminal laws of the state; that the street-railroad company is a corporation organized under the general statute of the state, approved June 4, 1861, and is the owner in possession of all the street-railroad property in and about Indianapolis, having purchased the same in April, 1888, of its predecessor, the Citizens' Street-Railway Company, with all the privileges granted, and subject to the obligations imposed, by various ordinances (which are set out in the bill) enacted by the common council of the city before and since the present company came into possession; that by section 9 of the act of 1861 (section 4151, Rev. St. Ind. 1881; section 5458, Rev. St. 1894) the di-

rectors of the company are given power "to make by-laws," among other things, for regulating the running time of cars and the rate of fares on the road; that, by the original ordinance under which the Citizens' Street-Railway Company entered upon the streets of the city and constructed its plant, it was provided that "the rate of fare upon any line or route of railway shall not exceed five cents for each passenger for any distance"; that under the statute and the ordinance the rate of fare was first fixed by the company at five cents for each route, but afterwards was so modified as to give transfers from one line or route to another, and on that basis the cars of the company were run, with-out question concerning the rate of fare, from 1864 to 1897; that by section 11 of the act of 1861, which, it is said, is the only act ever passed in the state providing for the incorporation of street-railroad companies, and under which all such companies in the state were organized, it is provided that the act may be amended or repealed at the discretion of the legislature; that, by section 13 of article 11 of the constitution of Indiana, it is provided that "corporations other than banking shall not be created by special act but may be formed under general laws"; that on March 6, 1897, an act of the legislature of Indiana was approved by the governor of the state, whereby it was attempted to so amend section 9 of the act of June 4, 1861, as to require, among other things, that, in cities having a population of 100,000 or more by the census of 1890, "the cash fare shall not exceed three cents for any one trip or passage," etc., and to provide penalties and forfeitures for noncompliance with the requirement; that the enactment is in violation of the constitutions of the state and of the United States, in this: that, Indianapolis being the only city in the state which by the census of 1890 had a population of 100,000 or more, the statute is local and special, and it impaired the contract between the defendant company and the city of Indianapolis, and between that company and the state of Indiana, under the act of 1861, and the ordinances thereunder passed and accepted by the company and its predecessor,—the amendatory act being in conflict, it is alleged; not only with section 13 of article 11, but with section 23 of article 1, of the constitution of the state, touching the granting of special privileges and immunities, and also in violation of section 1 of the fourteenth amendment, as well as section 10 of article 1 of the national constitution. The motion for a preliminary injunction was granted on April 23, 1897, the court holding the act of 1897 to be invalid because in conflict with the constitution of the state. For the opinion of the court, see 80 Fed. 218. On June 15, 1897, the city of Indianapolis demurred to the bill, and entered a motion in writing to dissolve the injunction, one of the grounds alleged being "that it is plain upon the face of the complainant's bill that it was not entitled to the injunction." In support of the motion to dissolve was presented a decision of the supreme court of Indiana, rendered in a case begun and carried to that court after the granting of the injunction by the court below, whereby the act of 1897 was declared to be, in all respects, constitutional and valid. City of Indianapolis v. Navin, 47 N. E. 525. The court overruled the motion to dissolve, delivering an opinion, which is reported in 82 Fed. 1.

W. H. H. Miller, for appellant.

John E. Kern, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge, after stating the case, delivered the opinion of the court.

The right of appeal to this court from interlocutory orders of injunction is given by the seventh section of the judiciary act of 1891 only "in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals"; and it is well settled by the language of the act, and by numerous decisions, that, "in any case that involves the construction or application of the constitution of the United States," the only appeal allowed is to the

supreme court, and under existing statutes that cannot be had until after final decree or judgment. Hamilton v. Drisdale's Ex'rs, 2 U. S. App. 540, 3 C. C. A. 639, and 53 Fed. 753; World's Columbian Exposition v. U. S., 18 U. S. App. 42, 6 C. C. A. 58, and 56 Fed. 654; Railway Co. v. Evans, 7 C. C. A. 290, 58 Fed. 433; Green v. Mills, 25 U. S. App. 388, 16 C. C. A. 516, and 69 Fed. 852; Hastings v. Ames, 32 U. S. App. 485, 15 C. C. A. 628, and 68 Fed. 726; Barr v. City of New Brunswick, 39 U. S. App. 187, 19 C. C. A. 71, and 72 Fed. 689; Holt v. Manufacturing Co., 25 C. C. A. 301, 80 Fed. 1.

The contention of appellee is, and the decision of the court below (in part, at least) was, that by force of the statute providing for the organization of street-railroad companies, and by force of the requirement of the constitution of Indiana (section 13, art. 11) that all such corporations shall be created or formed under general laws:

> "The state entered into a contract with this corporation whereby it was stipulated and agreed that, while that statute might be either amended or repealed, such amendment or repeal should only be compassed by a general law, applicable alike to all similar corporations throughout the state, and that thus the parties investing money in such an enterprise did so with the assurance that no legislation should be taken with reference to them which did not apply alike to all persons interested in property similarly situated. Western Paving & Supply Co. v. Citizens' St. R. Co., 128 Ind. 525. 26 N. E. 188, and 28 N. E. 88; City R. Co. v. Citizens' St. R. Co., 166 U. S. 557, 17 Sup. Ct. 653."

This proposition assumes that the company had a vested right or privilege, within the meaning of the contract clause of the national constitution, not in the subject-matter of the contract (that is to say, not in the right to construct and to operate a line or lines of street railroad, and to charge fares, in accordance with the terms of the accepted ordinances of the city), but in the process or form of legislation by which it might be proposed to modify or annul the contract. It acquired no right, under the contract, which the state might not modify, abridge, or annul, by amending or repealing the act of 1861; but it is insisted that the amendment or repeal, by reason of section 13 of article 11 of the state constitution, can be effected only by a general law, applicable alike to all similar corporations throughout the state. And so the court below held, saying, among other things:

> "This right [to charge a five-cent fare] cannot be modified otherwise than as provided in the charter contract, namely, by amendment of the act according to the terms of section 11, when read in the light of, and within the restrictions in, the Indiana constitution bearing upon the matter of amendment to that act."

From this premise it is argued that the question whether the amendatory act of 1897 is in harmony with the constitution of the state becomes a question of the impairment of contract, within the meaning of the constitution of the United States. The proposition is believed to be novel, and, for the present purpose, that may be its chief merit, since, so long as the contrary has not been established, it may be asserted with the better show of reason. Whether it is sound or tenable is not now the question; but it is not improper to observe that, if sound, it has a wider scope than has been suggested. If there is a contract between the street-railroad company and the

state to the effect that the act of 1861 can be amended only by an act which shall conform to the constitution of the state, that refers to the present constitution, and means that it is not in the power of the people of the state to so amend their constitution as to authorize special legislation which shall affect the rights of this company under the supposed contract, or of any company organized under the act of 1861. Rights once vested, within the meaning of the national constitution, are protected against impairment by amendment of state constitutions, no less than by ordinary legislation.    The proposition may mean, too, that by no independent enactment, not purporting to amend the act of 1861, can the charters or contracts under that act be affected.    For instance, the act of March 6, 1891, whereby Indianapolis was given a new charter, contains full provisions in respect to street railroads, and, if valid, would seem to have been a repeal by implication of the act of 1861, in so far as it applied to that city. ' So the supreme court of the United States seems to have understood when, in the case of City R. Co. v. Citizens' St. R. Co., supra, it held that the charter of the latter company was not repealed by the act of 1891, because that act was not to be given a retroactive construction.

It is contended by counsel for the appellant that the inquiry, whether the legislature of Indiana, by the amendment of 1897 has violated an implied engagement that the act of 1861 should not be amended by any statute violative of the state constitution, does not involve the application or construction of the constitutional provision against impairment of contracts, and therefore is not a federal question.    In support of this view are quoted expressions from the opinions of judges in Jackson v. Lamphire, 3 Pet. 281; Charles River Bridge v. Warren Bridge, 11 Pet. 584; Dartmouth College v. Woodward, 4 Wheat. 563; Bank v. Buckingham's Ex'rs, 5 How. 317; Newton v. Commissioners, 100 U. S. 548; Stone v. Mississippi, 101 U. S. 817; Church v. Kelsey, 121 U. S. 282, 7 Sup. Ct. 897; Lehigh Water Co. v. Easton, 121 U. S. 388, 7 Sup. Ct. 916.    But in none of those cases was there involved a question just like that now under consideration, and what was said, however persuasive, cannot be regarded as decisive.    A further pursuit, however, of this discussion is unnecessary here, because it is plain that this phase of the case may be disposed of without determining whether there has been an impairment of contract.    That the contract between the parties has been violated or impaired is asserted, on the theory of the proposition now under consideration, solely on the ground that the act of 1897 is in conflict with the state constitution. The court below, having jurisdiction of the case by reason of the diverse citizenship of the parties, even if not on other grounds, adhered to the view which it at first declared, notwithstanding the later decision to the contrary by the supreme court of the state, and reaffirmed the unconstitutionality of the enactment.    From that conclusion, without going further, it followed that the motion to dissolve the injunction should have been overruled, as it was; and it was unnecessary in that court, and on a review of the question in an appellate court it will be unnecessary, to consider whether a question of the impairment of contract was or is involved.    If, on the contrary, the conclusion had been that the act was constitutional, there could, of course, have re-

mained no question of the impairment of the contract on the ground that the act had not been constitutionally passed.

The next proposition on which the jurisdiction of this court is denied is that by the ordinance of 1864, and the acceptance thereof by the Citizens' Street-Railway Company, there was formed a contract for a five-cent fare between the city of Indianapolis, representing the sovereignty of the state, on the one side, and the street-railroad company on the other, which contract, it is claimed, is impaired by the enactment that only three cents shall be charged.    This assumes that the act of 1897 is not in conflict with any provision of the state constitution, and the contention is that the company has a vested right, under the contract, to charge a five-cent fare, which by no form of legislation can be taken away.    This is a distinct assertion that there is a contract right which has been impaired, and, unless the contrary is clear, it makes a case of which this court cannot take jurisdiction.    The decision which, in its main features, seems to be most nearly in point, was made in Sioux City St. R. Co. v. Sioux City, 138 U. S. 98, 11 Sup. Ct. 226.    In that case the street-railway company (organized under a general law which contained a reservation of power to amend and repeal not essentially unlike the power reserved in section 11 of the act of June 4, 1861) was required by its original charter (the ordinance of the city permitting it to occupy the streets of the city with its road) to pave between the rails of its track.    After the company had constructed a part of its lines, and laid the required pavement between the rails, a statute was enacted to the effect that, in cities of the first class, street-railroad companies should be required to pave between the rails, and for one foot outside of the rails.    Two years later Sioux City, having meanwhile become a city of the first class, passed an ordinance in conformity with the statute requiring the company to pave outside, as well as within, the rails of its track.    Touching the question of impairment of contract, the opinion of the supreme court says:

"No question can arise as to the impairment of the obligation of a contract, when the company accepted all of its corporate powers subject to the reserved power of the state to modify its charter, and to impose additional burdens upon the enjoyment of its franchise.    Under the act of March 15, 1884, it was made a condition of the enjoyment of its franchise by the company, that, when the city should determine that the streets should be paved, the company should bear a certain portion of the cost thereof; and any prior contract between the company and the city in regard to paving was subject to the provisions of section 1090 of the Code.    There was nothing in the ordinance of December 12, 1883, which bound, or could bind, the city not to exercise its statutory authority to impose other conditions upon the exercise of the rights of the company.    Our conclusion, therefore, is that there was no contract between the company and the state or the city, the obligation of which was impaired by the laying of the tax in question."

In City R. Co. v. Citizens' St. R. Co., supra, after declaring it entirely clear that the Citizens' Street-Railroad Company had a contract with the city, as had been decided by the supreme court of the state, it was added:

"It is true that by section 11 of the original act of 1861 a right was reserved to the general assembly to amend or repeal, at their discretion, the act authorizing the incorporation of street-railway companies; but that was a right re-

served to the general assembly itself, and was ·never delegated, if, in fact, it could be delegated, to the common council of the city."

But further along in the opinion is found this statement:

"The original ordinance of January 18, 1864, was plainly a proposition on the part of the city to grant to the company the use of its streets for thirty years, in consideration that the company lay its track, and operate a railway thereon, upon certain conditions prescribed by the ordinance. This proposition, when accepted by the company, and the road built and operated as specified, became a contract, which the state was not at liberty to impair during its continuance."

In view of this utterance, the soundness of which it is not for us to question, it cannot be said to be clear that the company is not right in contending that it has a vested right to charge a five-cent fare until the original period of thirty years, and the additional period of seven years given by a later ordinance, which the supreme court declared valid, shall have expired. There is, to say the least, too much foundation for the contention to admit of the inference that it is made in bad faith; and, that being so, the question is one for the supreme court,. and not for this court. The appeal is therefore dismissed.