## J. C. HUBINGER CO. v. QUINCY HORSE-RAILWAY & CARRYING CO.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1900.)

### No. 588.

CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTION.

A suit brought to have ordinances granting a franchise to construct and operate a street railroad annulled on the ground that they impair the obligation of a contract made by an act of the legislature and a prior ordinance, by which plaintiff claims to have been granted an exclusive franchise, and deprive plaintiff of property without due process of law, necessarily involves a constitutional question, and the circuit court of appeals is without jurisdiction of an appeal therein.[1]

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

John E. Craig, for appellant.

J. F. Carrott, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge.   The motion to dismiss the appeal herein because this court lacks jurisdiction to entertain it must be sustained. Constitutional questions are involved, and under section 5 of the judiciary act of 1891 the right of appeal given to the supreme court is exclusive.   The bill was brought by the appellee, the Quincy Horse-Railway & Carrying Company, alleging an "exclusive right and privilege to establish and operate upon and over the streets of the city of Quincy railways for carrying persons and things for the term of fifty years from the passage" of the act of February 11, 1865, by authority of which, and of certain ordinances of the city, the right was obtained; and also alleging the invalidity of a certain ordinance, No. 31, passed on the 7th day of April, 1898, and a later ordinance, No. 39, purporting to grant to the appellant, the J. C. Hubinger Company, "the right to establish and maintain an electric street railway over certain streets and avenues in the city of Quincy," on the constitutional grounds that the last-named ordinances, if enforced, would impair the obligation of the complainant's contract with the state and city, would violate the fourteenth amendment to the constitution of the United States by depriving the complainant of property without due process of law, and by denying to the complainant within the jurisdiction of Illinois the equal protection of the laws. The answer of the appellant denied that the rights and franchises acquired by the complainant were exclusive, or constituted property rights, within the meaning of the fourteenth amendment; and asserted the right of the city council of Quincy to grant to any other corporation the privilege of occupying any street of the city not already occupied by the complainant.   By its decree the court adjudged the right of the complainant to be exclusive, as alleged, and the ordinances in favor of the appellant to be wholly null and void as against

---

[1] As to jurisdiction of circuit courts of appeals in general, see notes to Lau Ow Bew v. U. S., 1 C. C. A. 6; Emigration Co. v. Gallegos, 32 C. C. A. 475.

the appellee; and error is assigned upon each of these provisions of the decree.

The response of the appellant to the motion to dismiss is, in substance, this: The mere averment of it in the bill does not raise a constitutional question. The appellant did not take issue on that proposition, but simply denied that a constitutional question was raised. The decree shows that the court determined the question solely upon a construction of the act of February 11, 1865, in respect to the right of the complainant to claim within its grant all of the streets of the city, whether it had occupied them or not. No question involving the construction or application of the federal constitution was involved at any stage of the proceedings. The appellant never claimed that the legislature of the state had no power to pass an act giving the appellee an exclusive right to operate a horse railway on such streets as it used. No attempt was made in the case to argue that the federal constitution had any connection with the matter in controversy. The appellant asked and obtained the right to operate an electric street railway on streets not occupied by the appellee at the time of the application. The sole question in this respect was whether the word "railways," as used in the act of 1865, meant only horse railways, and did not prevent granting to the appellant the privilege of constructing and operating an electric railway on streets not occupied by the appellee. The court did not, in its decree, declare the ordinances in favor of the appellant null and void because they impaired contract rights, or were otherwise in violation of the federal constitution; and, granting that the legislature of the state had power to grant an exclusive franchise to the appellee for the operation of a railway by any motive power it desired to employ, "it does not follow that a constitutional question is involved because another seeks (and obtains leave of the city council) to engage in the same business."

It is sufficiently clear, on this argument alone, that a constitutional question was involved. The disputed point was not, what would be the effect of the constitution if found applicable? That was well enough understood without discussion. But the question was, was any provision of the constitution applicable? The court might have concluded, on consideration of the statute of the state and of the city ordinances alone, that the franchise of the appellee was in no manner infringed or impaired by the ordinances in favor of the appellant, and that conclusion would have disposed of the case without the necessity of express reference to the constitution of the United States; and yet that would have been a decision that the provisions of the constitution, the benefit of which the bill had invoked, had no application to the case. But, on the other hand, when, on consideration of the statute and ordinances, the court reached the conclusion that the franchise asserted by the appellant was inconsistent with that of the appellee, it was only by application of one or the other of the provisions mentioned of the federal constitution that the court could have declared null and void the ordinances in favor of the appellant. The appeal is therefore dismissed, at the costs of the appellant.