[Criminal No. 165.   Filed March 26, 1904.]
[76 Pac. 455.]

JOSEPH DENT, Defendant and Appellant, v. UNITED STATES OF AMERICA, Plaintiff and Respondent.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—FOREST RESERVES—PRIVATE USE—RULES AND REGULATIONS OF SECRETARY OF INTERIOR—INFRACTION OF—CRIMINAL—ACT OF CONGRESS OF JUNE 4, 1897, 30 STATS. 33, CONSTITUTIONAL—ACT OF CONGRESS OF JUNE 4, 1888, 25 STATS. 166, AMENDING REV. STATS. U. S., SEC. 5388, CITED.—The act of Congress of June 4, 1897, *supra,* providing that the secretary of the interior may make rules and regulations to regulate the occupancy and use of forest reservations and to preserve the forests thereon, and further providing that any violation of such rules and regulations shall be punished as is provided for in the act of Congress of June 4, 1888, amending section 5388 of the Revised Statutes of the United States, is not an unconstitutional delegation of power to the secretary of ˙the interior.

2. UNITED STATES CIRCUIT COURT OF APPEALS—DECISIONS—BINDING ON SUPREME COURT, WHEN.—Inasmuch as the circuit court of appeals is a court exercising appellate jurisdiction over the supreme court in criminal cases of this character, the supreme court is bound by its determination on this question, although the record may prevent an appeal being taken to that court in this particular case.

APPEAL from a judgment of the District Court of the Fourth Judicial District. R. E. Sloan, Judge. Affirmed. On Rehearing.

E. M. Doe, and E. S. Clark, for Appellant.

F. S. Nave, United States Attorney, and J. H. Campbell, Assistant United States Attorney, for Respondent.

The appellant was convicted of the crime of pasturing sheep upon the public lands in a forest réservation in violation of the rules of the secretary of the interior, promulgated under authority of the act of Congress of June 4, 1897 (30 Stats. L. 35); which act provides that any violation of such rules shall be punished by fine or imprisonment. The former opinion of the court will be found on page 138, *ante,* 71 Pac. 920.

KENT, C. J.—A rehearing having been granted at this term of court, this case has been again argued by counsel. Since we rendered our decision at a former term, the case of *Dastervignes* v. *United States,* 122 Fed. 30, 58 C. C. A. 346, has been reported. In that case the circuit court of appeals for the ninth circuit has held that the act in question did not delegate legislative power to the secretary, and was not unconstitutional. Inasmuch as under the act creating the circuit courts of appeal, such court exercises appellate jurisdiction over this court in criminal cases such as the one at bar, we feel that a decision of that court, although made in a civil and not a criminal case, expressly holding that the act in question is constitutional and a valid delegation of power, is binding upon us in this case; and if it be true that the sole question involved in this case is the constitutionality of the act, and an appeal will not lie in this case from our decision to the circuit court of appeals,—a question which it is not proper for us to determine,—we still feel that the determination of the circuit court of appeals is binding upon us. An appeal does not lie from our decision in this case to the supreme court of the United States, and yet, if such court had determined the question of the constitutionality of the act, such determination would be binding upon us. Inasmuch as the circuit court of appeals is a court exercising appellate jurisdiction over us in criminal cases of this char-

acter, we are in like manner bound by its determination upon this question, although the record may prevent an appeal being taken to such a court in the particular case before us. Indeed, if it be true that no appeal lies to any court from our decision in capital cases, or in criminal cases where the constitutionality of a federal statute is the sole question involved, but the right of review of our decisions in criminal cases is confined to the appellate jurisdiction of the circuit court of appeals in minor criminal cases, and when less important questions are involved, this somewhat anomalous condition of the law should not prevent our recognizing the binding force of a determination of such circuit court of appeals upon such constitutional question, since, if the record in this case presented other questions for review, thereby giving it jurisdiction, such court undoubtedly would have the right to, and would, review in connection therewith our determination upon the constitutional question involved. Therefore, if it be that the correctness of our determination upon the constitutional question cannot be passed upon by such court in this particular case, it is perhaps for that reason all the more incumbent upon us to follow in the path marked out for us by that court. *Farnsworth* v. *Montana,* 129 U. S. 104, 9 Sup. Ct. 253, 32 L. Ed. 616; *Cross* v. *United States,* 145 U. S. 571, 12 Sup. Ct. 842, 36 L. Ed. 821; *Chapman* v. *United States,* 164 U. S. 436, 17 Sup. Ct. 76, 41 L. Ed. 504; *In re Heath,* 144 U. S. 92, 12 Sup. Ct. 615, 36 L. Ed. 358; *Carter* v. *Roberts,* 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861; *Holt* v. *Indiana Co.,* 80 Fed. 1, 25 C. C. A. 301; *Texas etc. R. R. Co.* v. *Bloom,* 60 Fed. 979, 9 C. C. A. 300; *Hubinger Co.* v. *Quincy etc. Ry. Co.,* 98 Fed. 897, 39 C. C. A. 336; *Davis* v. *Burke,* 97 Fed. 501, 38 C. C. A. 299. As we feel that we are in any event controlled by the decision in the Dastervignes case, we do not think it necessary to state to what extent we have changed our views from our original holding in the light of a further examination of the question and the fuller discussion afforded us upon the reargument.

Judgment will be entered affirming the judgment entered in the lower court in favor of the United States.

Davis, J., and Doan, J., concur.