# IN THE MATTER OF THE APPLICATION OF SUEKICHI TSUJI, FOR A WRIT OF HABEAS CORPUS.

## July 29, 1911.

1. *Aliens—Immigration laws—Right of domiciled alien criminal to re-enter:* Domiciled aliens returning from a temporary absence abroad, are not excluded from admission to the United States by the Immigration Act (Act of Feb. 20, 1907, 34 Stat. 898, amended by Act of March 26, 1910, 36 Stat. 263), evven though of the criminal class (Act, section 2).

2. *Courts—Rules of decision—Decision of appellate court:* This court is bound, as a rule, to follow the decision of its superior court, the Circuit Court of Appeals for the Ninth Circuit, in a similar case. *United States v. Nakashima,* 160 Fed. 842, followed.

3. *Same—Decision of associate judge:* The ruling of one member of this court should be followed by his associate unless extraordinary reasons require its reconsideration.

4. *Statutes—Construction:* As a rule, the intent of a statute is to be ascertained solely from the language used.

*Habeas Corpus:* On traverse to return to writ.

*J. Lightfoot* for petitioner.
*R. W. Breckons,* U. S. District Attorney, for respondent.

CLEMONS, J.   A writ of habeas corpus issued herein directed to the United States Immigration Inspector at the port of Honolulu as respondent, based upon the claim of the petitioner, Suekichi Tsuji, that he was illegally held in custody by the inspector.   From the petition, the respondent's return and supplemental return, and the petitioner's traverse to the returns, the following facts appear:    The petitioner, a subject of the Emperor of Japan, came to Honolulu, in July, 1906, and a month later was followed by his wife.   Ever since arrival they have both had their residence and domicil in Honolulu, except that the petitioner was absent temporarily on a visit to Japan from September, 1910, to June, 1911, when he returned to Hawaii.   In April, 1909, he was in this court indicted for the crime of harboring an alien woman, his own wife, for the purpose of prostitution, and in November, 1909, on a plea of guilty, was sentenced to three months' imprisonment, which sentence was duly executed.   On his return to Honolulu he was examined by a board of special inquiry which, after due hearing, determined that he had no right to land in the United States, and ordered him deported as a person convicted of a crime involving moral turpitude.

The contentions of the petitioner are:    (1) That the above indictment and all proceedings thereon including the plea of guilty, are null and void as founded on an unconstitutional statute; (2) That he is a nonimmigrant alien and not subject to the immigration laws.

The question suggested in argument, of this court's jurisdiction, or of the finality of the decision of the board of special inquiry, is not raised by the pleadings, and was by counsel practically conceded to have been settled for this

court by its previous decisions and the affirmance of the Circuit Court of Appeals. *In re Chop Tin,* 2 U. S. Dist. Ct. Haw. 153; *In re Nakashima,* 3 U. S. Dist. Ct. Haw. 168; *United States v. Nakashima,* 160 Fed. 842, 846, 847.

The question of the constitutionality of the statute under which the petitioner was indicted has, also, been settled here. *In re Shigematsu Umeno,* 3 U. S. Dist. Ct. Haw. 481, now pending on appeal to the Supreme Court [appeal dismissed, pursuant to tenth rule. *Shigematsu v. Hackfeld,* 227 U.S. 684]. See *United States v. Weis,* 181 Fed. 860.

It remains to be determined, whether the petitioner is within the provisions of the immigration laws,—whether these laws apply to nonimmigrant aliens.

The contention in the respondent's behalf is that the immigration laws now in force (Act of February 20, 1907, 34 Stat. 898, as amended by Act of March 26, 1910, 36 Stat. 263), and those superseded by the Act of 1907 (Act of March 3, 1903, 32 Stat. 1213) do not purport to amend previous laws, but to remodel and reconstruct the entire immigration system; that Congress had in view not only undesirable immigrants, in the narrower sense of the word, i. e., aliens coming to our country for the first time to seek residence here, but also all aliens of the undesirable classes specified in section 2 of the act, whether coming for the first time, or returning after an abandonment of their domicil here, or returning after a temporary absence. And it is attempted to distinguish the decision in the *Nakashima* case, 160 Fed. 843, by the fact of that decisions' being based on laws enacted prior to 1907 and not so broad as the statute of that year (34 Stat. 898). It is also argued in favor of a broad interpretation of the act as against persons convicted, or admitting the commission, of a crime of the particular character of which the petitioner had been convicted, that Congress in its deliberations over the new act of 1907, had before it especially the matters of preventing the importation of alien women for the purpose of

prostitution, and of suppressing the traffic of pimps and procurers, and that diplomatic negotiations were then pending which, about the time of the passage of the act, culminated in a treaty directed against these evils; that this contemporaneous history shows Congress to have intended to prevent the coming in of all aliens of the petitioner's class.

Beyond question, the petitioner would, if a newcomer, be proscribed by section 2 of the act as amended, 36 Stat. 263. Does this section apply only to new-comers? Or, does it apply to all aliens whether coming here for the first time or returning from a temporary absence?

[1]    As to the respondent's reliance upon the adoption, in the act of 1903 and subsequent acts, of the broader term "alien" instead of the narrower term "immigrant" used in earlier acts, the question has been settled for this jurisdiction adversely to his contention.    *United States v. Nakashima*, 160 Fed. 842

[2]    Though the Supreme Court in overruling the decision in *Taylor v. United States,* 152 Fed. 1, in which the same question is raised, leaves the question open, 207 U. S. 120, 126, we are bound, by the general rule at least, to follow the decision of our superior court of the Ninth Circuit in the *Nakashima* case. *Roche v. Jordan,* 175 Fed. 234, 235; *Continental Securities Co. v. Interborough R. Co.,* 165 Fed. 945, 959-960; *In re Baird,* 154 Fed. 215; *Edison Electric Light Co. v. Bloomingdale,* 65 Fed. 212, 214; *Norton v. Wheaton,* 57 Fed. 927-928; *Dent v. United States,* 8 Ariz. 413, 76 Pac. 455.

[3]    Also, the present judge would, unless for very good reasons not existing here, follow the decision of his senior associate in the *Nakashima* case, 3 U. S. Dist. Ct. Haw. 168. See *United States v. Hoshi,* 3 Id. 439; *United States v. Ichitaro Ishibashyi,* 3 Id. 517.

And, at all event, in spite of some rulings to the contrary, e. g., *Taylor v. United States,* 152 Fed. 1, *United States v.*

*Villet,* 173 Fed. 500, *Ex parte Hoffman,* 179 Fed. 839, *United States v. Williams,* 186 Fed. 354, we believe the decisions in the *Nakashima case,* 3 Haw. Fed. 168, and 160 Fed. 842, 844-845, and the reasoning of Circuit Judge Wallace, dissenting, in the *Taylor* case, 152 Fed. 1, 7-8, to be sound. The contra decisions seem not to give due, if any attention to the parol evidence rule as applied to the interpretation of statutes. See 4 Wigmore, Ev., sec. 2478; 2 Lewis' Sutherland on Statutory Construction, 882-883, sec. 470; *United States v. Freight Ass'n,* 166 U. S. 290, 318-319; *United States v. Union Pacific R. Co.,* 91 U. S. 72, 79; *United States v. Oregon & C. R. Co.,* 57 Fed. 426, 429; *Keyport Steamboat Co. v. Farmers' Transportation Co.,* 18 N. J. Eq., 13, 24.

[4] Further, it is no violent supposition that the lawmakers had in mind what everyone is presumed to know, the law as declared by the courts. And, in the face of contemporaneous decisions such as those of *Rodgers v. United States,* 152 Fed. 346; s. c. (*In re Buchsbaum*) 141 Fed. 221; *United States v. Aultman,* 143 Fed. 922, and even of the contra decision in *Taylor v. United States,* 152 Fed. 1, wherein doubt was raised by a strong dissent, it would seem that Congress, if intending so radical a change, would, and should, have placed beyond any question the expression of its intent. *In re Nakashima,* 3 U. S. Dist. Ct. Haw. 168; *United States v. Aultman,* 143 Fed. 922, 928. And legislatures should not be encouraged in putting the people, who are presumed to know the law, to the necessity of looking for the intent of a statute beyond its face 18 N. J. Eq., 13, 24, above cited.

The petitioner is discharged subject to the taking of an appeal, in which case he may be released upon giving a recognizance with surety in an amount to be fixed by the court to answer the judgment of the appellate court.

---

*Affirmed: United States v. Tsuji Suekichi,* 199 Fed. 750,

which has since been overruled by *Lapina v. Williams,* 232 U. S. 78, as to the holding that the Immigration Act does not apply to domiciled aliens.