## MAYNARD v. HECHT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

No. 680. Submitted January 8, 1894. — Decided January 22, 1894.

Under the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, 827, when an appeal or writ of error is taken from a District Court or a Circuit Court in which the jurisdiction of the court alone is in issue, a certificate from the court below of the question of jurisdiction to be decided is an absolute prerequisite for the exercise of jurisdiction here; and, if it be wanting, this court cannot take jurisdiction.

MOTION TO DISMISS. Charles Hecht filed his petition in the Circuit Court of the United States for the District of Nebraska, October 14, 1890, against the plaintiffs in error, alleging that the amount in controversy in the suit exceeded the sum or value of $2000 exclusive of interest and costs, and that he had been damaged in the sum of $2500 by reason of the purchase upon defendants' false and fraudulent representations in writing of certain land for which he paid the sum of $1800, and which turned out to be without value. The petition, among other things, averred that plaintiff had executed a deed of reconveyance of the property in question and formerly tendered the same, and he brought said deed into court, and also a promissory note of the Saline County Nurseries given to him at the time of the purchase as indemnity against a mortgage upon the premises, and prayed judgment for $2500, together with interest and costs. Defendants answered, denying the allegations of the petition, and alleging that the purchase price of the land was paid in horses which Hecht guaranteed to be sound, but which were in fact worthless. To this answer a reply in general denial was filed, and trial having been had, a verdict was returned in favor of Hecht for $1720. Defendants then moved for a new trial, and the same day filed a motion to dismiss the case upon the ground that the Circuit

Court had no jurisdiction, since it appeared from the petition that the amount in controversy was less than the sum of $2000 exclusive of interest and costs, and no evidence was introduced at the trial tending to prove that the amount exceeded that sum. June 10, 1891, the court overruled each of the motions and entered judgment upon the verdict. The writ of error was allowed November 16, 1891. No certificate of question for decision was applied for or granted by the court.

*Mr. Walter J. Lamb, Mr. Arnott C. Ricketts, Mr. Henry H. Wilson, Mr. Walter H. Smith,* and *Mr. C. W. Holcomb* for the motion.

*Mr. C. S. Montgomery* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Under section five of the Judiciary Act of March 3, 1891, a writ of error can be taken directly to this court from the Circuit Courts only in the six classes of cases therein mentioned, and the contention is that the writ may be sustained in this case as falling within the first class, described in that section as follows: " In any case in which the jurisdiction of the court is in issue ; in such case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." According to that provision the question involving the jurisdiction of the Circuit Court must have been in issue and decided against the party seeking to bring it before this court for determination, and must be certified for decision. And as no such question was certified by the Circuit Court in this case, we are confronted on the threshold with the inquiry whether we can take jurisdiction of the writ, an inquiry controlled by the rule that an affirmative description of the appellate jurisdiction of this court in a suit implies a negative on the exercise of such appellate power as is not comprehended within it.

By the act of February 25, 1889, c. 236, 25 Stat. 693, it was provided : " That in all cases where a final judgment or decree shall be rendered in the Circuit Court of the United States in which there shall have been a question involving the jurisdiction of the court, the party against whom the judgment or decree is rendered shall be entitled to an appeal or writ of error to the Supreme Court of the United States to review such judgment or decree without reference to the amount of the same ; but in cases where the judgment or decree does not exceed the sum of five thousand dollars, the Supreme Court shall not review any question raised upon the record except such question of jurisdiction." The act of 1891 was framed in this regard in view of the former act, and section five restricts the power of this court, in all suits in which its appellate jurisdiction is invoked by reason of the existence of a question involving the jurisdiction of the Circuit Court over the case, to the review of that question only. The act did not contemplate several appeals in the same suit at the same time, but gave to a party to a suit in the Circuit Court where the question of the jurisdiction of the court over the parties or subject-matter was raised and put in issue upon the record at the proper time and in the proper way, the right to a review by this court, after final judgment or decree against him, of the decision upon that question only; or by the Circuit Courts of Appeals on the whole case. *McLish* v. *Roff*, 141 U. S. 661, 668.

And the section under consideration declares in express terms that when the case is brought directly to this court the question of jurisdiction so in issue shall be certified for decision.

The rules in relation to certificates of division of opinion in civil causes under sections 650, 652, 693 of the Revised Statutes were well settled. Each question had to be a distinct point or proposition of law, clearly stated, so that it could be definitely answered without regard to the other issues of law in the case; to be a question of law only, and not a question of fact, or of mixed law and fact, and hence could not involve or imply a conclusion or judgment on the weight or effect of testimony or facts adduced in the case; and could not embrace

the whole case, even where its decision turned upon matter of law only, and even though it were split up in the form of questions. *Fire Insurance Association* v. *Wickham*, 128 U. S. 426; *Dublin Township* v. *Milford Savings Institution*, 128 U. S. 510. The same rules were applicable to the certificate of points on division of opinion on the hearing or trial of criminal proceedings under sections 651 and 697. *United States* v. *Hall*, 131 U. S. 50; *United States* v. *Perrin*, 131 U. S. 55. And prior to the act of February 25, 1889, this court had jurisdiction of a case brought up on certificate of division of opinion on the question whether the Circuit Court had jurisdiction of it. *Baltimore & Ohio Railroad Co.* v. *Marshall County Supervisors*, 131 U. S. App. xcix.

By section six of the act of March 3, 1891, c. 517, 26 Stat. 826, 828, it is provided "that in every such subject within its appellate jurisdiction, the Circuit Court of Appeals may at any time certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision."

In *Columbus Watch Co.* v. *Robbins*, 148 U. S. 266, it was held that in order to give this court jurisdiction over questions or propositions of law sent up by a Circuit Court of Appeals for decision, it was necessary that the questions or propositions should be clearly and distinctly certified to, and should show that the instruction of this court was desired in a particular case as to their proper decision. And reference was there made to the rules laid down in reference to certificates on division of opinion above adverted to. So in *Cincinnati, Hamilton &c. Railroad Co.* v. *McKeen*, 149 U. S. 259, it was held that the act of March 3, 1891, does not contemplate the certification of questions of law to be answered in view of the entire record in the cause, although this court may, if it sees fit, order the entire record to be sent up, and thereupon decide the case as if it had been brought up by writ of error or appeal. We think the intention of Congress as to the certification mentioned in both sections is to be arrived at in the light of the rules theretofore prevailing as to certifying from the court below, and since, in the instance of an appeal upon the

question of jurisdiction under the fifth section of the act, a certificate by the Circuit Court presenting such question for the determination of this court is explicitly and in terms required in order to invoke the exercise by this court of its appellate jurisdiction, we are of opinion that the absence of such certificate is fatal to the maintenance of the writ of error in this cause. The narrowness of range in the particular instance can make no difference in the application of the principle.

It appears that the petition for writ of error was filed in this case July 6, 1891, together with a bond for the prosecution thereof, and an assignment of errors, and this petition and the assignment raised the question that the matter in dispute in the cause did not exceed, exclusive of interest and costs, the sum of two thousand dollars; but the trial judge made no endorsement thereon. The writ specifies no particular ground of error, and it is upon the writ that the allowance was entered November 16, 1891, the judge certifying that on that day it was presented to him "for allowance and signature." But in any view the absence of the formal certificate cannot be helped out by resort to these papers. The inquiry is not whether we can ascertain the question sought to be presented, but whether we can exercise jurisdiction under the statute, which we cannot if the certificate is an absolute prerequisite, as we hold it to be. And upon that ground we dismiss the writ without discussing whether the question of jurisdiction indicated could properly be held to have been in issue, or whether, if so, the case would fall within the fifth section.

*Writ of error dismissed.*