## *In re* LEHIGH MINING AND MANUFACTURING COMPANY, Petitioner.

### ORIGINAL.

No number. Submitted January 28, 1895. — Decided March 4, 1895.

A corporation organized under the laws of Pennsylvania brought an action in ejectment in the Circuit Court of the United States in the Western District of Virginia. The defendant by plea set up that a conveyance of the land had been made to the Pennsylvania corporation collusively, and for the purpose of conferring jurisdiction on the Circuit Court. The court was of opinion that the allegations of the plea were sustained, and dismissed the action for want of jurisdiction. The plaintiff duly excepted and the exceptions were allowed and signed. The plaintiff then prayed for a writ of error to this court upon the question of jurisdiction, and a writ was allowed "as prayed for" at the same term of court. At a subsequent term the plaintiff applied to the court below for an order certifying the question of jurisdiction to this court pursuant to § 5 of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826. This application being denied, the plaintiff applied to this court for leave to file

a petition for a writ of *mandamus* requiring the court below to certify the question of jurisdiction to this court. *Held*, that leave should be denied, as, independently of other considerations, the requisition of the statute in that respect had already been sufficiently complied with.

THE Lehigh Mining and Manufacturing Company, alleging itself to be "a corporation organized and existing under the laws of the State of Pennsylvania, and a citizen and resident of the said State of Pennsylvania," brought its action of ejectment in the Circuit Court of the United States for the Western District of Virginia against J. J. Kelly, Jr., and others, tenants and lessees of Kelly, to recover the land described in the declaration. The defence pleaded not guilty, and also filed two pleas to the jurisdiction of the court. These pleas averred that for ten years prior to the commencement of the action in ejectment the Virginia Coal and Iron Company, a corporation existing under the laws of Virginia and a citizen of Virginia, had been claiming title to the lands of the defendant Kelly described in the declaration; that immediately preceding the commencement of the action the Virginia Coal and Iron Company, its stockholders, officers, and members, organized, under the laws of the State of Pennsylvania, the Lehigh Mining and Manufacturing Company, to which the Virginia Company conveyed said land in order to enable the Lehigh Company to institute suit in the Circuit Court, said Lehigh Company being simply another name for the Virginia Company, being composed of the same parties, and organized alone for the purpose of taking a conveyance of the land from the Virginia Company, and the Virginia Company making the conveyance, fraudulently and collusively, for the purpose of conferring jurisdiction on the Circuit Court. Issue was joined upon the pleas, and on the 30th day of May, 1894, was tried by the court, Hon. John Paul, District Judge, holding the Circuit Court, presiding, upon an agreed statement of facts, which recited, among other things, that the Lehigh Company in the month of February, 1893, was organized under the laws of Pennsylvania by the individual stockholders and officers of the Virginia Company, a corporation organized and existing under the laws of Virginia and a citi-

zen of that State, and that the land in controversy was conveyed by the Virginia Company to the Lehigh Company; "that the purpose of organizing said Lehigh Mining and Manufacturing Company, and in making to it said conveyance, was to give to this court jurisdiction in this case, but that said conveyance passed to said Lehigh Mining and Manufacturing Company, all of the right, title, and interest of said Virginia Coal and Iron Company in and to said land, and that since said conveyance, said Virginia Coal and Iron Company has had no interest in said land, and has not and never has had any interest in this suit, and that it owns none of the stock of the Lehigh Mining and Manufacturing Company and has no interest therein whatever." The court, being of opinion that " the organization by the individual stockholders and officers of a corporation existing under the laws of one State of a corporation under the laws of another State, for the express purpose of bringing a suit in the Federal court to try the title to a tract of land claimed by the former corporation and conveyed to the latter after its organization and before suit brought, will not enable the grantee to maintain a suit in ejectment in such court;" that the suit did not really and substantially involve a dispute or controversy properly within the jurisdiction of the court; and that the plaintiff had been collusively made a party to it for the purpose of making a case cognizable in the Federal court, sustained the pleas and dismissed the action.

The judgment of the court was as follows:

" This day came again the parties by their attorneys, and on motion of the defendants to dismiss this suit, because instituted and prosecuted in fraud of the jurisdiction of the court, by consent of the parties the cause came on to be heard upon the two pleas in writing to the jurisdiction heretofore filed in the case, at the proper time, and general replication thereto, and the agreed statement of facts signed by the attorneys and filed therein, the exceptions indorsed thereon; and the court having fully considered the said two pleas, the agreed statement of facts aforesaid, and the exception to a certain paragraph in the said agreed statement of facts, and argument of counsel, doth

consider that the said exceptions are not well taken and over-rule the same. And the court further considers that the said pleas be and they are hereby sustained. And for reasons in writing filed herewith, as part of this order, the court doth further consider that it has no jurisdiction of this case, and that the said action of ejectment be and the same is hereby dismissed for want of jurisdiction, but without prejudice to the parties to this suit."

Thereupon the plaintiff upon the same day, May 30, 1894, tendered the court a bill of exceptions, which was that day signed, sealed, and made part of the record by the District Judge. This bill of exceptions contained the two pleas and the agreed statement of facts, and declared that the court " held that the court did not have jurisdiction of this suit, and ordered the same to be dismissed, to which opinion and action of the court the plaintiff did then and there except." The plaintiff thereupon prayed for a writ of error from the Supreme Court of the United States, which was allowed by the following order under the hand of the District Judge and entered of record:

" The plaintiff, considering itself aggrieved by the rulings of said court in the said case, in which final judgment was rendered at the May term, 1894, to wit, on May 30, 1894, of said Circuit Court held at this place, dismissing the said case because the said court, in its opinion, did not have jurisdiction thereof, and having on the thirtieth day of May, 1894, filed its bill of exceptions, and having on this day filed its assignment of errors and its petition praying for a writ of error to said judgment and proceedings to the Supreme Court of the United States upon the said question of jurisdiction, and praying that said writ of error be allowed it to the said Supreme Court of the United States, and that a full transcript of the record and proceedings in said cause, duly authenticated, be sent to said Supreme Court.

" Now on this day, to wit, May 30, 1894, it is ordered and considered by this court that said writ of error be allowed and awarded as prayed for, . . ."

On November 23, 1894, at a subsequent term of the court to

that at which the judgment dismissing the cause for want of jurisdiction had been entered, the Lehigh Company applied to the District Judge holding the Circuit Court for the Western District of Virginia to enter an order certifying the question of jurisdiction to the Supreme Court of the United States pursuant to the fifth section of the Judiciary Act of March 3, 1891. This application was denied upon the ground that the question of jurisdiction had already been sufficiently certified, and further that, if not, the court had then no power to enter the order requested.

The Lehigh Mining and Manufacturing Company applied to this court for leave to file a petition, setting forth the foregoing facts in substance, for a *mandamus* requiring the District Judge for the Western District of Virginia, holding the Circuit Court of the United States for that district, to certify the question of jurisdiction and to enter the order tendered by petitioner, November 23, 1894.

*Mr. R. A. Ayers* for petitioner. *Mr. J. F. Bullitt, Jr., Mr. R. C. Dale, Mr. A. L. Pridemore, Mr. E. M. Fulton,* and *Mr. J. G. White* were with him on the brief.

*Mr. F. S. Blair* opposing. *Mr. C. T. Duncan* and *Mr. H. S. K. Morrison* were with him on the brief.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

In *Maynard* v. *Hecht,* 151 U. S. 324, we held that in the instance of an appeal or writ of error from a Circuit Court upon the question of jurisdiction under the fifth section of the Judiciary Act of March 3, 1891, a certificate by the Circuit Court presenting such question for determination was required in order to invoke the exercise by this court of its appellate jurisdiction. The first of the six classes of cases described in that section in which a writ of error or appeal could be taken or brought directly to this court from the Circuit Courts was : " In any case in which the jurisdiction of the court is in issue ; in such case the question of jurisdiction alone shall be certified

to the Supreme Court from the court below for decision." We were of opinion that the intention of Congress as to the certification mentioned in that section, and also in section six in relation to the Circuit Courts of Appeals, was to be arrived at in the light of the rules theretofore prevailing in reference to certificates on division of opinion. Rev. Stat. §§ 650, 651, 652, 693, 697. In reference to such certificates it was provided that the point on which the disagreement occurred should be certified during the trial term, and it is argued that by analogy the certificate of the Circuit Courts, under the act of March 3, 1891, c. 517, 26 Stat. 826, must also be made at the term at which the final judgment or decree is entered; and, moreover, that as, after the close of such term, the parties are out of court and the litigation there at an end, the court has no power to grant such certificate, and cannot certify, *nunc pro tunc*, if no such certificate was made or intended to be made at the term, as was the case here. But it is unnecessary to determine how this may be, as we think the District Judge was quite right in holding that the question had already been sufficiently certified. The question involved was only the question of jurisdiction, and the judgment not only recited that for reasons in writing, filed as part of the order, the court considered that it had no jurisdiction of the case, and therefore dismissed it for want of jurisdiction; but the District Judge certified in the bill of exceptions that it was " held that the court did not have jurisdiction of the suit, and ordered the same to be dismissed"; and, in the order allowing the writ of error, certified in effect that it was allowed " upon the question of jurisdiction."

We observed in *United States* v. *Jahn*, 155 U. S. 109, 112, that " the provision that any case in which the question of jurisdiction is in issue may be taken directly to this court, necessarily extends to other cases than those in which the final judgment rests on the ground of want of jurisdiction, for in them that would be the sole question, and the certificate, though requisite to our jurisdiction under the statute, would not be in itself essential, however valuable in the interest of brevity of record. But in such other cases, the requirement that the question of

jurisdiction alone should be certified for decision was intended to operate as a limitation upon the jurisdiction of this court of the entire case and of all questions involved in it, a jurisdiction which can be exercised in any other class of cases taken directly to this court under section five." If in this case the jurisdiction had been sustained and the defendants had preserved the question by certificate in the form of a bill of exceptions and the cause had subsequently proceeded to a final decree against them, it would seem that they could have brought the case, at the proper time, on the question of jurisdiction solely, directly to this court, although not compelled to do so.

At all events, where the question is certified as it was here, we think the requisition of the statute sufficiently complied with. *Leave denied.*