## VAN WAGENEN *v.* SEWALL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

No. 140. Argued and submitted December 20, 1895. — Decided January 6, 1896.

As this appeal was taken long after the act establishing the Circuit Courts of Appeals went into effect, and as there is an entire absence of a certificate of a question of jurisdiction, the appeal is dismissed for want of jurisdiction. *In re Lehigh Mining Co.*, 156 U. S. 322, and *Shields* v. *Coleman*, 157 U. S. 628, distinguished from this case.

Even if an examination of the record would have disclosed a question of jurisdiction, which is very doubtful, this court cannot be required to search the record for it; as it was the object of the fifth section of the act of 1891 to have the question of jurisdiction plainly and distinctly certified, or at least to have it appear so clearly in the decree of the court below that no other question was involved, that no further examination of the record would be necessary.

THIS was a petition by Sarah Van Wagenen and others for the review and reversal of certain proceedings in the case of *John M. Hanson* v. *The United States*, and of a decree

rendered therein, ordering a survey of the Hanson or Miles grant, made by the Surveyor General upon the petition of one Greeley, assignee in bankruptcy of Hanson, which said survey had been approved by a decree of the District Court of April 13, 1889.

The petition set forth that the petitioners were the owners in fee of an undivided one third interest in this grant, which contained sixteen thousand or more acres, situate in the county of Dade, which undivided interest originally belonged to one Hedrick, one of the original petitioners in the case of *Hanson* v. *United States;* and that petitioners were also the owners in fee of the whole grant by purchase from the State of Florida; that such grant was originally made by the Spanish government to one Samuel Miles on July 19, 1813, was surveyed and set off to him in 1815, and in 1840 was confirmed to Hanson, Segui, and Hedrick; that upon appeal to the Supreme Court of the United States, the title of the claimants, and the decree of the court below were affirmed (16 Pet. 196); but that the Supreme Court set aside the survey as irregular, and ordered the Surveyor General of the Territory to make a new survey, and remanded the case to the Superior Court of East Florida for that purpose; that in accordance with such mandate and decree of the Supreme Court a new survey was made, returned to the land office of the Territory, and the grant then platted from said survey; that such survey was subsequently confirmed and approved of by the said Superior Court, whose decree in that regard has never been reversed, appealed from, or set aside, but still remains in force; and that, by such action and decree, that court exhausted all its jurisdiction under the acts of Congress, and could neither do nor perform any other matter or thing relative thereto.

The petitioners further averred that, in 1885, one Greeley, claiming to be assignee in bankruptcy of Hanson, and one Agatha O'Brien, claiming to be the administratrix of Bernardo Segui, also claiming an undivided one third interest in the grant, did by petition in the said cause of *Hanson* v. *United States*, to the District Court for the Northern District of Florida, allege, as well as in the petition of Rufus K. Sewall,

who was made a party thereto, that said grant had never been surveyed, nor had any survey ever been confirmed or approved, as directed by the Supreme Court and the Superior Court of the Territory; and did pray that the survey might be had in accordance with the decree of such courts; and that, in pursuance of such petition, the District Court, in 1885, ordered the then Surveyor General to make such survey, which was in fact made, returned to the court in accordance with this order, and in 1889 was confirmed — all without notice to the petitioners — and as they averred, beyond the jurisdiction and power of the court; that the same was invalid, by reason of the fact that the court had no jurisdiction in the premises, having exhausted all jurisdiction and powers it possessed under its previous decree confirming the survey made in 1851; that the allegations contained in the petition of Greeley were untrue, in averring that no survey had been made; that neither the representatives of Segui, nor Greeley, as assignee of Hanson, had any right in the grant; that the new survey was unjust to the petitioners, in that it greatly changed the lines of the original survey, and reduced largely the area of the grant, and in other respects affected the just rights of the petitioners.

Wherefore petitioners prayed that all of such proceedings for the new survey be vacated and set aside as absolutely null and void, and for further relief, etc.

On January 6, 1892, Sewall appeared by his solicitors, and demurred to the petition upon two grounds: first, that the record and proceedings attached to and made a part of the petition showed that a proper and final decree had been made in the cause, adjudicating fully all the issues made therein; and, second, that the court had no power or jurisdiction to grant the petitioners the relief prayed for therein.

This demurrer having been sustained by the court, the petitioner Sarah Van Wagenen prayed for a rehearing, upon the ground that the final decree made in 1851 fully and finally disposed of the cause, and exhausted the jurisdiction of the court, etc.; and that the court had no power, by proceedings taken in 1885, to order a resurvey.

This petition for a rehearing having been denied, petitioner appealed to this court.

*Mr. H. H. Buckman* for appellants.

*Mr. Rufus K. Sewall*, appellee, in person submitted on his brief.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

As this appeal was taken long after the act of March 3, 1891, establishing the Court of Appeals, went into effect, it should have been taken to the Court of Appeals of the Fifth Circuit, unless the case be one within the fifth section of the act, wherein the jurisdiction of the court is in issue. In such cases, however, "the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." There is an entire absence of such certificate in this case — an absence which was held to be fatal to the appeal in *Maynard* v. *Hecht*, 151 U. S. 324 ; *Moran* v. *Hagerman*, 151 U. S. 329 ; *Colvin* v. *Jacksonville*, 157 U. S. 368 ; and *Davis & Rankin Building Company* v. *Barber*, 157 U. S. 673. It is true that in *In re Lehigh Min. and Mfg. Co.*, 156 U. S. 322, we held that the certificate was not necessary, inasmuch as it appeared in the decree that the question involved was only a question of jurisdiction, and the judgment not only recited that the court considered it had no jurisdiction of the case, and therefore dismissed it for want of jurisdiction, but the District Judge certified in the bill of exceptions that it was "held that the court did not have jurisdiction of the suit, and ordered the same to be dismissed," and, in the order allowing the writ of error, certified in effect that it was allowed "upon the question of jurisdiction." So, also, in *Shields* v. *Coleman*, 157 U. S. 168, where the court below, granting the appeal, said, "this appeal is granted solely upon the question of jurisdiction;" and made further provisions for determining what part of the record should be certified to this court under the

appeal, we held this to be a sufficient certificate of a question of jurisdiction under the act.

In this case, however, the only question of jurisdiction is raised by the demurrer of Sewall to the petition, which is upon two grounds; first, that a proper and final decree had been made adjudicating all the issues in the cause; and second, that the court had no power or jurisdiction to grant the petitioners relief. This, however, is in substance only a general demurrer to the bill for the want of equity.

In the petition of Sarah Van Wagenen for a rehearing it is alleged that a final decree was rendered in 1851, fully and finally disposing of the cause, which exhausted all the jurisdiction of the court, and that it was beyond its power and jurisdiction to vacate the survey ordered by such decree by the subsequent proceedings taken in 1885. It is very doubtful whether the question thus raised by her, of the authority to vacate and set aside a previous decree of the court, did not involve a power to exercise a jurisdiction already vested rather than a question of jurisdiction itself, within the meaning of the act of March 3, 1891. *Carey* v. *Houston & Texas Central Railway*, 150 U. S. 170, 180.

In any event, however, we cannot be required to search the record to ascertain whether the petition was dismissed for the want of equity, or for some other reason. *Shields* v. *Coleman*, 157 U. S. 168, 177. Indeed, it appears to have been the very object of the fifth section of the act of 1891 to have the question of jurisdiction plainly and distinctly certified to us, or at least to have it appear so clearly in the decree of the court below, that no other question was involved, that no further examination of the record would be necessary.

The appeal is accordingly

*Dismissed.*