## HUNTINGTON *v.* LAIDLEY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 105. Argued January 18, 19, 1900. — Decided March 19, 1900.

In order to maintain a direct appeal to this court from the Circuit Court of the United States under the act of March 3, 1891, c. 517, § 5, as to the jurisdiction of the court below, the record must distinctly and unequivocally show that that court sends up for consideration a single and definite question of its jurisdiction; but this may appear either by the terms of the decree appealed from and of the order allowing the appeal, or by a separate certificate of that court.

A certificate of a question of jurisdiction of the Circuit Court of the United States, under the act of March 3, 1891, c. 517, § 5, may be made by the District Judge, even if the decree was rendered by the Circuit Judge.

The question whether proceedings concerning the legal or equitable title to land, begun and concluded in the courts of a State, before the commencement of a suit in the Circuit Court of the United States to charge the land with a trust, afford a defence to this suit, is not a question affecting the jurisdiction of that court, but a question affecting the merits of the cause, and as such to be tried and determined by that court in the exercise of its jurisdiction; and if that court, of its own motion, and without hearing the parties on the question of its jurisdiction, enters a final decree dismissing the suit under the act of March 3, 1875, c. 137, § 5, upon the ground that by reason of the proceedings in the courts of the State the suit does not really and substantially involve a dispute or controversy properly within its jurisdiction, and an appeal is taken to this court upon the question of jurisdiction only, under the act of March 3, 1891, c. 517, § 5, the decree must be reversed and the cause remanded for further proceedings

THE statement of the case will be found in the opinion of the court.

*Mr. Maxwell Evarts* for appellant. *Mr. F. B. Enslow* was on his brief.

*Mr. Z. T. Vinson* and *Mr. Holmes Conrad* for appellees. *Mr. W. R. Thompson* and *Mr. W. K. Cowden* were on the brief.

*Mr. J. F. Brown* and *Mr. W. S. Laidley* filed a brief for appellees.

Mr. Justice Gray delivered the opinion of the court.

This is a direct appeal to this court, under the act of March 3, 1891, c. 517, § 5, from a decree of the Circuit Court of the United States for the District of West Virginia, dismissing for want of jurisdiction a bill in equity filed by Collis P. Huntington, a citizen of New York, as special receiver of the Central Land Company of West Virginia, a corporation of West Virginia, against John B. Laidley, a citizen of West Virginia, and against citizens of other States, to charge a tract of 240 acres of land in that State with a trust.

The question of jurisdiction, and the aspect in which it was presented to the court below, will be best understood by first giving an outline of the undisputed facts, and of the proceedings in this case, as gathered from the voluminous record transmitted to this court.

On February 25, 1870, Sarah H. G. Pennybacker, a married woman, owning a tract of land of 240 acres in West Virginia, executed with her husband a deed thereof, with a separate acknowledgment by each, to Huntington, who on October 16, 1871, conveyed his title therein to the Central Land Company; and that company afterwards, and before April, 1882, sold parts of the tract to one Remley and to other persons. The sufficiency of Mrs. Pennybacker's acknowledgment was doubted; and on January 26, 1882, she, having become a widow, executed and acknowledged, in due form of law, a deed of the tract to Laidley. All those deeds were duly recorded.

In April, 1882, Laidley brought, in the circuit court of Cabell county in the State of West Virginia, an action of ejectment against the Central Land Company to recover the tract of land; and a verdict and judgment obtained by the Central Land Company in that action were in November, 1887, set aside and reversed by the Supreme Court of Appeals of West Virginia, and a new trial ordered, upon the ground that Mrs. Pennybacker's acknowledgment to her first deed was defective. 30 West Virginia, 505.

The Central Land Company filed in the county court in June, 1887, a bill in equity, and in March, 1888, an amended bill, against Laidley, Huntington, Mrs. Pennybacker and the several grantees of the Central Land Company, alleging that Laidley obtained his deed from Mrs. Pennybacker by fraud, and held the land in trust for the Central Land Company, and should be restrained from proceeding with the action at law. The county court dismissed that bill, and its decree was affirmed in February, 1889, by the Supreme Court of Appeals. 32 West Virginia, 134.

In September, 1890, the action of ejectment of Laidley against the Central Land Company (proceedings in which had been stayed to await the decision in the equity suit) was tried again in the county court, and a verdict and judgment returned for Laidley. A petition for a writ of error to review that judgment was afterwards denied by the Supreme Court of Appeals; and on March 26, 1891, the county court issued a writ of possession in favor of Laidley. A writ of error from this court to the Supreme Court of Appeals was sued out by the Central Land Company on July 7, 1891, and was dismissed by this court for want of jurisdiction on June 3, 1895. 159 U. S. 103.

In November, 1883, Laidley brought in the county court separate actions of ejectment against Remley and the other persons who had taken deeds from the Central Land Company of parts of the tract of 240 acres. In each of those actions, the defendant filed a claim for improvements, and Laidley (pursuant to the provisions of the Code of West Virginia of 1891, c. 91, §§ 10–13) elected to allow the improvements, and on September 10, 1890, took judgment for the value of the lot recovered, with an order for its sale, instead of a judgment for the possession of the land, and for the transfer of the title. On December 15, 1890, the court appointed special commissioners to make the sales. On October 21, 1897, the court substituted, instead of those commissioners, William R. Thompson, and he advertised the lots for sale.

Meanwhile, on November 11, 1890, Huntington and others,

stockholders in the Central Land Company, had filed' in the Circuit Court of the United States a bill in equity against the company to wind up its affairs, because its charter was· about to expire; and on the same day the court appointed Frank B. Enslow temporary receiver to take possession of all its property. On December 16, 1890, Enslow reported to the court that he had taken possession of all the property of the company, including the tract of 240 acres; and the court appointed Huntington special receiver, and directed Enslow to turn over all its property to him, which was accordingly done.

On February 28, 1891, Huntington, as such special receiver, filed in the Circuit Court of the United States against Laidley, and against sundry persons claiming under grants from him, the bill in the present case, which set forth the conveyances from Mrs. Pennybacker to Huntington, from him to the Central Land Company, from that company to Remley and others, from Mrs. Pennybacker to Laidley, and from him to the other defendants, and the appointment of Huntington as receiver; alleged that the deed from Mrs. Pennybacker to Huntington was duly acknowledged by her, and was valid; and that Laidley's acts, in obtaining the later deed from her to himself, and in conveying parts of the land to other persons, were in fraud of the rights of the Central Land Company, and created a cloud upon the title of that company and of those claiming under it; and prayed for an injunction against the defendants from interfering with the plaintiff's possession of the tract of 240 acres, and from doing any act tending to affect his title, or to cast a cloud upon it, and from proceeding to enforce any claim to, or taking possession of, or making any sales of, any of the lots sold by the Central Land Company; and further prayed that the deed from Mrs. Pennybacker to Laidley, and his deeds to the other defendants, be declared void. On the filing of the bill, a temporary injunction was issued as prayed for.

On January 12, 1892, a demurrer by Laidley to this bill, and a motion by him to dissolve the injunction, were both over-ruled.

On January 26, 1894, the plaintiff filed an amended bill in this cause, repeating the allegations and prayers of the original bill; and further alleging that, by reason of certain facts fully and specifically set forth, and alleged to have been discovered by the plaintiff since he filed the original bill, the acts of Laidley in procuring the deed to himself from Mrs. Pennybacker were done while he stood in a confidential relation to Huntington, and were fraudulent as against Huntington and the Central Land Company; and also alleging that, if the legal title passed to Laidley by his deed from Mrs. Pennybacker, he and his grantees held the legal title in trust for the plaintiff and the grantees of the Central Land Company; and therefore praying that the defendants might be decreed to convey the lands, so held by them respectively, to Huntington as receiver of the Central Land Company, and to the grantees of that company.

On February 26, 1896, Laidley and the other defendants filed a plea and answer, in which they denied the allegations of the bill; set up by way of estoppel the judgments in the state courts in favor of Laidley and against the Central Land Company, in the action of ejectment, and in the suit in equity, between them; and claimed to be allowed the amounts awarded to Laidley in his actions of ejectment against Remley and others.

On December 26, 1896, the plaintiff was allowed to further amend his bill in particulars which need not be stated; and the defendants filed the same plea and answer to the bill as so amended.

On July 12, 1897, the court, upon a hearing of the parties, adjudged that "said plea of *res adjudicata*" be overruled; and gave the defendants leave to answer the bill; and denied motions of the defendants to dissolve the injunction, and to remove Huntington from the office of receiver.

On July 13, 1897, Laidley filed another plea and answer, setting up, in different form, substantially the same defences as in the former plea and answer. On September 4, 1897, the other defendants filed an answer to that bill; and the plaintiff obtained an order on Laidley, returnable January 10, 1898, to show cause why his new plea and answer should not be stricken

from the files as irregular. On October 4, 1897, the plaintiff filed a general replication to the answer of the other defendants.

On December 17, 1897, Huntington, as plaintiff in the case at bar, filed a petition in the Circuit Court of the United States for a rule against Laidley and against his attorneys, Z. T. Vinson and William R. Thompson, to show cause why they should not be fined and attached for contempt in violating the injunction granted by that court in February, 1891, by undertaking to sell the lots described in Laidley's actions of ejectment against Remley and others. On December 20, 1897, Laidley and Thompson filed answers to this rule, and annexed thereto as exhibits copies of the proceedings in those actions of ejectment.

On December 20, 1897, on motion of the plaintiff, the court extended the time for taking the testimony in the cause until ninety days after the hearing on the motion to strike out Laidley's plea and answer.

On March 3, 1898, the rule for an attachment for contempt was argued. On June 25, 1898, the court entered an order discharging that rule, because, as the order stated, the court found that the circuit court of Cabell county, West Virginia, had taken jurisdiction of the parties and the subject-matter, prior to the institution of this suit, and the cause was still pending in that court, and therefore the Circuit Court of the United States had no jurisdiction to grant the injunction restraining the sale of the property under decrees of the state court.

On the same day, and without any further hearing in the cause, the court, of its own motion, entered a final decree, as follows: "This cause having come on this 25th day of June, 1898, to be considered by this court upon a petition filed by the complainant herein on the 17th day of December, 1897, praying that a rule be issued requiring that John B. Laidley, one of the defendants herein, and his attorneys, Z. T. Vinson and W. R. Thompson, should appear and show cause why they should not be fined and attached for contempt for violating the injunction order heretofore entered in the above entitled cause, and upon the answer and exhibits attached thereto of the said

defendant, John B. Laidley, to said petition, and upon the answers and exhibits attached thereto of his attorneys, Z. T. Vinson and W. R. Thompson, thereto, and upon the bill and the answers to said bill; and the court having considered the matter, and having duly examined the bill and amended bills herein, and the answers of the defendant and the exhibits attached thereto, and the records in the ejectment suits in the circuit court of Cabell county, in which John B. Laidley was plaintiff and the Central Land Company of West Virginia and others were defendants, and the record in the chancery cause in the circuit court of Cabell county, in which the Central Land Company of West Virginia was plaintiff and John B. Laidley and others were defendants, which said records in said state court actions were not disputed or denied by the complainant; and it appearing from such examination to the satisfaction of this court, upon consideration thereof, that this suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court, because of the pendency in the state court, prior to the commencement of this suit, of the action of ejectment in which John B. Laidley was plaintiff and the Central Land Company of West Virginia was defendant, which was begun in the circuit court of Cabell county, West Virginia, on the first Monday of April, 1882, and of the other actions in ejectment brought in said state court by the said John B. Laidley as plaintiff in relation to the property in question in this suit, prior to the commencement of this cause, and of the chancery cause in said state court in which the Central Land Company of West Virginia was plaintiff and John B. Laidley and others were defendants, which was brought in said state court prior to the commencement of this cause; and this court being therefore, for the aforesaid reason, of the opinion that it is required to dismiss this suit by the fifth section of the act of Congress, approved March 3, 1875, and entitled ' An act to determine the jurisdiction of Circuit Courts of the United States, and to regulate the removal of causes from state courts, and for other purposes,' it is now therefore, on this court's own motion, adjudged and decreed that this suit and the bill and amended bills therein be, and

they hereby are, dismissed and stricken from the docket of this court, without costs."

On the same day, the following proceedings took place, and were filed in the Circuit Court of the United States, namely: The plaintiff presented a petition for an appeal from that decree to this court, under the act of March 3, 1891, c. 517, § 5, alleging that he was aggrieved by the final decree by which the Circuit Court of the United States, notwithstanding that it had the first actual physical possession of the land involved in this cause, dismissed the suit on the ground that it had no jurisdiction thereof, because of the pendency of the suits in the state court, begun prior to the commencement of this cause. And the District Judge signed an order "that the appeal be allowed as prayed for;" approved an appeal bond; and signed a citation to the appellees, as well as a certificate in these terms: "A final decree having been entered herein on the 25th day of June, 1898, dismissing this suit and the bill and amended bills therein: Now therefore this court, in pursuance of the second paragraph of the fifth section of the act of Congress, approved March 3, 1891, and entitled 'An act to establish Circuit Courts of Appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' hereby certifies to the Supreme Court of the United States for decision the question of the jurisdiction alone of this court over this cause, as follows: Is this court without jurisdiction of this cause, because of the pendency in the state court, prior to the commencement of this suit, of the action of ejectment in which John B. Laidley was plaintiff and the Central Land Company of West Virginia was defendant, which was begun in the circuit court of Cabell county, West Virginia, on the first Monday in April, 1882, and of the other actions in ejectment brought prior to this cause in said state court by the said John B. Laidley as plaintiff, in relation to the property in question in this suit, and of the chancery cause in which the Central Land Company of West Virginia was complainant and John B. Laidley and others were defendants, which was brought in said state court prior to the commencement of this cause?"

The appeal in this case is taken under that clause of the act of March 3, 1891, c. 517, § 5, which provides that appeals or writs of error may be taken from the Circuit Court of the United States directly to this court "in any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." 26 Stat. 827.

The appellees have moved to dismiss the appeal, upon the ground that the decree of dismissal involved the consideration and determination of the legal effect and conclusiveness of the several judgments and decrees of the state courts, and therefore the appeal should have been to the Circuit Court of Appeals, and not to this court; and upon the further ground that the District Judge could not certify a question decided by the Circuit Judge, or allow an appeal from his decree.

In order to maintain the appellate jurisdiction of this court under this clause, the record must distinctly and unequivocally show that the court below sends up for consideration a single and definite question of jurisdiction. This may appear in either of two ways; by the terms of the decree appealed from and of the order allowing the appeal; or by a separate certificate of the court below. *Maynard* v. *Hecht*, 151 U. S. 324; *In re Lehigh Co.*, 156 U. S. 322; *Shields* v. *Coleman*, 157 U. S. 168; *Interior Construction Co.* v. *Gibney*, 160 U. S. 217; *Van Wagenen* v. *Sewall*, 160 U. S. 369; *Chappell* v. *United States*, 160 U. S. 499; *Davis* v. *Geissler*, 162 U. S. 290. In the case at the bar it appears in both ways.

The final decree of the Circuit Court of the United States recited that, at the hearing upon the petition for a rule for an attachment for contempt, the court examined the bill and amended bills and the answers thereto, and the undisputed records of the suits in the state court; and that from such examination it appeared to the satisfaction of the court that this suit did not really and substantially involve a dispute or controversy properly within its jurisdiction, because of the pendency of those suits in the state court, and for that reason the court was of opinion that it was required by section 5 of the act of March 3, 1875, c. 137, to dismiss the suit;

and it was therefore, upon the court's own motion, adjudged and decreed that the suit be dismissed. The act of March 3, 1875, c. 137, § 5, referred to in that decree, provides that if in any suit commenced in a Circuit Court of the United States, it appear to the satisfaction of that court, at any time after the suit is brought, "that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court," that court shall dismiss the suit. 18 Stat. 472. And such dismissal for want of jurisdiction is reviewable by this court under the act of March 3, 1891, c. 517, § 5. *Wetmore* v. *Rymer*, 169 U. S. 115. The final decree, therefore, clearly shows that the question decided below was a specific question of jurisdiction only. This dismissal of the suit for want of jurisdiction was the only ground assigned for the appeal; and the appeal was allowed "as prayed for."

The same question is also distinctly stated in the certificate made and filed by the District Judge on the same day on which the final decree was entered, and on which he allowed the appeal and signed the citation. It does not appear from the record, and is immaterial, whether the final decree was rendered by the Circuit Judge or by the District Judge. The District Judge was a judge of the Circuit Court of the United States, and as such had authority to allow the appeal and to sign the citation, even if the decree was rendered by the Circuit Judge. Rev. Stat. §§ 999, 1012; *Rodd* v. *Heartt*, 17 Wall. 354. We can have no doubt that the District Judge, who as a judge of the Circuit Court lawfully allowed the appeal and signed the citation, was authorized also to certify to this court the question of jurisdiction determined by that decree.

The question of jurisdiction then, appearing by the decree itself and by the order allowing the appeal therefrom, as well as by the distinct and contemporaneous certificate, to have been the only question on which the decree below was based, is rightly before this court for determination.

The condition of the cause, at the time when the Circuit Court of the United States entered a final decree dismissing it for want of jurisdiction, was as follows: An injunction

had been granted upon the filing of the bill. The court had overruled a demurrer to the bill, as well as a plea of all the defendants setting up the judgments in the state courts as *res adjudicata ;* and had given leave to the defendants to answer the bill. Thereupon the defendant Laidley filed a plea and answer setting up substantially the same defences as before; and the plaintiff obtained an order to show cause why this plea and answer should not be stricken out as irregular. The other defendants answered the bill, and the plaintiff filed a general replication to their answer. The court extended the time for taking testimony in the cause until ninety days after hearing the motion to strike out Laidley's plea and answer. That motion was never heard; the time allowed for taking testimony had not expired; and the cause was not heard, or ready to be heard, as between the plaintiff and any of the defendants, except upon a rule (which had been obtained by the plaintiff and argued by both parties) for an attachment against Laidley and his attorneys for contempt in violating the injunction previously granted. Yet the court not only discharged the rule for an attachment for contempt, but at the same time, of its own motion, and without any further hearing of the cause, or of any matter therein, entered the final decree dismissing the suit for want of jurisdiction. This action of the court was irregular. The defendant, as the case stood, was not entitled to present any objection to the jurisdiction of the court over the principal cause; and the plaintiff was entitled to be heard upon any such objection taken by the court of its own motion. *Hartog* v. *Memory,* 116 U. S. 588; *Morris* v. *Gilmer,* 129 U. S. 315, 327; *Wetmore* v. *Rymer,* 169 U. S. 115, 122, 123.

Independently of that consideration, the decree dismissing this suit for want of jurisdiction was erroneous. It may be that the order discharging the rule for an attachment for a contempt in violating the injunction by proceedings under orders of the state court was correct. Rev. Stat. § 720; *Diggs* v. *Wolcott,* 4 Cranch, 179; *Riggs* v. *Johnson County,* 6 Wall. 166, 195; *Central Bank* v. *Stevens,* 169 U. S. 432, 460. But it by no means follows that the Circuit Court of the United

States had no jurisdiction to entertain this suit for any purpose.

Before the commencement of the present suit, all the proceedings between Laidley and the Central Land Company in the state court, which affected the whole tract of 240 acres, had been brought to an end — Laidley's action of ejectment against the Central Land Company, by a judgment and a writ of possession in Laidley's favor; and the Central Land Company's bill to restrain Laidley from proceeding with that action, by a decree dismissing the bill. And Laidley's proceedings in ejectment in the state court against Remley and others concerned only the legal title in parts of the tract of 240 acres.

The present suit seeks to charge the whole tract with a trust in favor of the plaintiff as receiver of the Central Land Company. Under the circumstances of this case, the question whether the proceedings in any or all of the suits, at law or in equity, in the state court, afforded a defence — either by way of *res adjudicata*, or because of any control acquired by the state court over the subject-matter — to this bill in the Circuit Court of the United States, was not a question affecting the jurisdiction of that court, but was a question affecting the merits of the cause, and as such to be tried and determined by that court in the exercise of its jurisdiction. The Circuit Court of the United States cannot, by treating a question of merits as a question of jurisdiction, enable this court, upon a direct appeal on the question of jurisdiction only, to decide the question of merits, except in so far as it bears upon the question whether the court below had or had not jurisdiction of the case.

In any aspect of the case, the decree of the Circuit Court of the United States, dismissing the suit for want of jurisdiction, must be reversed; and the cause remanded to that court for further proceedings therein.

The case of *Blythe* v. *Hinckley*, 173 U. S. 501, cited by the appellees, has no tendency to support the opposite conclusion. In that case, this court dismissed the appeal, because the decree below was not founded solely upon a want of jurisdiction in the Circuit Court of the United States, but also upon the

grounds that the plaintiff's remedy was at law and not in equity, and that certain judgments of the state courts could not be reviewed on the reasons put forward. And of the last ground this court, speaking by the Chief Justice, said that it " was not in itself a decision of want of jurisdiction because the Circuit Court was a Federal court, but a decision that the Circuit Court was unable to grant relief because of the judgments rendered by those other courts.' 173 U. S. 507.

*Decree reversed, and cause remanded for further proceedings.*

MR. JUSTICE BREWER dissenting.

I dissent from the opinion and judgment in this case. In a purely technical sense it may not be open to criticism. But when, as disclosed, it appears that in the state courts by final determinations, beyond any opportunity of review, the legal and equitable title to the tract in controversy has been adjudged to be in Laidley, (even if there be question of the correctness of those decisions,) it seems to me that under the act of March 3, 1875, referred to in the opinion of the majority, the Federal court not only may rightfully but also should hold that whatever may be the state of the pleadings the litigation in that court must stop. Of course, everybody knows that when there has been in separate actions in courts of law and equity final determination as to both the legal and equitable title there is no excuse for further litigation, and I think that we sacrifice substance to form when we hold that the Federal court should not, when these facts are disclosed, act promptly, but must wait until the issues presented by pleadings have been attempted to be supported by testimony and the case is ready for final hearing. *Interest reipublicæ ut sit finis litium.*