# ARKANSAS *v.* SCHLIERHOLZ.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF ARKANSAS.

No. 122.  Argued and submitted December 6, 1900.—Decided December 24, 1900.

The authority of this court to review the action of the court below in this
case must be found in one of three classes of cases, in which, by section 5
of the judiciary act of March 3, 1891, an appeal or writ of error may be
taken from a District or Circuit Court direct to this court.  The classes
of cases alluded to are as follows: 1. Cases in which the jurisdiction of
the court is in issue, in which class of cases the question of jurisdiction
alone is to be certified from the court below for decision; 2. Cases in-
volving the construction or application of the Constitution of the United
States; and, 3. Cases in which the constitutionality of any law of the
United States, or the validity or construction of any treaty made under
its authority, is drawn in question.  The court is of opinion that the case
at bar is not embraced within either of those classes of cases.

Two indictments were found by the grand jury of Independ-
ence County, Arkansas, against Schlierholz, appellee herein, for
alleged violations of the statutes of Arkansas.   One indictment
charged the taking possession, unlawfully, of certain timber;
the other, the unlawful marking of timber.   Upon such indict-
ments Schlierholz was taken into custody by the appellant John
A. Hinkle, as sheriff of Independence County.   Thereupon
Schlierholz presented a petition in *habeas corpus* to the judge of
the District Court of the United States for the Eastern District
of Arkansas.   In said petition it was alleged, in substance, that
the acts complained of in the indictments referred to were done
by Schlierholz in the performance of his duty as a special agent
of the General Land Office under the Department of the In-
terior of the United States.   A writ of *habeas corpus* was al-
lowed, and it was ordered to be served not only on Hinkle, the
sheriff, but on the prosecuting attorney of the State of Arkan-
sas for the third judicial circuit.   Issue was joined by a return
filed by said prosecuting attorney.   On motion, the case was
transferred to the District Court of the United States for the

Northern Division of the Eastern District of Arkansas. Hearing having been had, the court found that Schlierholz, in the doing of the things complained of in the indictments, acted in the performance of his duty as a special agent of the General Land Office of the United States, and in strict conformity with the rules and regulations of the Secretary of the Interior, and that his arrest and detention were illegal and void. It was adjudged that the petitioner " be discharged from the custody of the sheriff under the writ in the petition and response set out and go hence without day." Thereupon, the court allowed an appeal to this court, and in the order doing so the following recitals are found :

" And at the request of the said State of Arkansas and John A. Hinkle, as sheriff, the following questions, among others involved herein, are certified to the said Supreme Court of the United States :

" 1. Whether this court has jurisdiction in the premises to discharge the petitioner, Charles A. M. Schlierholz, from the custody of John A. Hinkle, sheriff of Independence County, Arkansas, for the matters and things and under the circumstances set out in the record in this cause.

" 2. Whether the proper order of this court under the facts should have been to remand said petitioner to the custody of the said sheriff of Independence County, Arkansas, to be dealt with by the Independence Circuit Court of the State, or to discharge him from said custody."

*Mr. Morris M. Cohn* for appellants, submitted on his brief, on which were *Mr. Jeff. Davis, Mr. S. D. Campbell* and *Mr. J. C. Yancey.*

*Mr. Solicitor General* for appellee.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

Before we can consider the principal propositions which have been argued at bar, we must determine whether on this record jurisdiction exists to entertain this appeal.

The authority of this court to review the action of the court

below must be found in one of three classes of cases, in which, by section 5 of the judiciary act of March 3, 1891, an appeal or writ of error may be taken from a District or Circuit Court direct to this court. The classes of cases alluded to are as follows:

1. Cases in which the jurisdiction of the court is in issue, in which class of cases the question of jurisdiction alone is to be certified from the court below for decision;

2. Cases involving the construction or application of the Constitution of the United States; and,

3. Cases in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, is drawn in question.

We are of opinion that the case at bar is not embraced within either of the classes of cases just mentioned.

As respects the first class, it was said in *Huntington* v. *Laidley*, (1900) 176 U. S. 676, as follows:

" In order to maintain the appellate jurisdiction of this court under this clause, the record must distinctly and unequivocally show that the court below sends up for consideration a single and definite question of jurisdiction. This may appear in either of two ways: by the terms of the decree appealed from and of the order allowing the appeal, or by a separate certificate of the court below. *Maynard* v. *Hecht*, 151 U. S. 324; *In re Lehigh Co.*, 151 U. S. 322; *Shields* v. *Coleman*, 157 U. S. 168; *Interior Construction Co.* v. *Gibney*, 160 U. S. 217; *Van Wagenen* v. *Sewall*, 160 U. S. 369; *Chappell* v. *United States*, 160 U. S. 499; *Davis* v. *Geissler*, 162 U. S. 290."

Now, on looking at the proceedings had prior to the judgment rendered below, we do not find even a suggestion that an issue was made and decided by the District Court as to the jurisdiction of that court to hear and determine the controversy presented by the petition in *habeas corpus* and the return thereto. On the contrary, the defence set forth in the return went simply to the merits, being based upon the contention that Schlierholz, in the acts charged in the indictment, had acted outside of his instructions and contrary to law. Nor, if the record imported that an issue as to jurisdiction had been made in the trial court and had been by it decided, do the questions propounded to this court constitute a sufficient certification of such ques-

tion of jurisdiction. The statements in the order allowing the appeal, setting forth the questions propounded for the decision of this court, whether considered by themselves or in connection with the record, cannot in reason be treated as "a plain declaration that the single matter which is by the record sent up to this court for decision is a question of jurisdiction." *Shields* v. *Coleman*, (1895) 157 U. S. 177. As declared in the case just cited, "no mere suggestion that the jurisdiction of the court was in issue will answer." But in the questions propounded by the District Court there is not even an intimation that the court, in the judgment rendered, did more than pass upon the merits of the controversy. In effect, the questions but imply that the court assumed that it had a discretion either to dispose of the case on its merits or to remand the accused to the state court and require him to resort to his remedy by writ of error, and that the instruction of this court was desired by the court below as to the proper exercise of its discretion in the premises. But the power to certify to this court other than jurisdictional questions is vested only in the Circuit Courts of Appeals. *Bardes* v. *Hawarden First National Bank*, (1899) 175 U. S. 526, 528.

As respects the second and third class of cases. The record does not lend support to the claim that any constitutional question was presented to the court below for its determination. Full opportunity existed in the return filed to the writ to set up any constitutional provision which might have been deemed adequate to defeat the application of Schlierholz for his discharge from custody. The only suggestion, however, of a contention based upon the Constitution of the United States is that contained in the assignment of errors made for the purpose of this appeal. Clearly, therefore, the record presents no constitutional question for review by this court, since it fails to disclose that a controversy on such subject was called to the attention of the court below prior to the hearing, and when it also does not appear that the court below considered or necessarily passed upon an issue of that character. *Chapin* v. *Fye*, (1900) *ante*, 127; *Loeb* v. *Trustees of Columbia Township*, *ante*, 472.

*Dismissed for want of jurisdiction.*