### UNITED STATES MORTGAGE & TRUST CO. et al. v. DEAVER, Judge.

### No. 6054.

Circuit Court of Appeals, Fifth Circuit.
Nov. 26, 1930.

914

Jones, Jones, Johnston & Russell, of Macon, Ga. (Geo. S. Jones, E. P. Johnston, and Scott Russell, all of Macon, Ga., of counsel), for petitioners.

C. L. Shepard, of Ft. Valley, Ga., and Park & Strozier, T. S. Felder, Smith & Smith, and Geo. A. Pindar, all of Macon, Ga., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is a petition against the United States District Judge for the Middle District of Georgia (herein referred to as the District Court), praying a writ of mandamus to said judge directing him to proceed to hear and determine a described controversy pending between petitioners as complainants and A. J. Evans and others as defendants. The petition shows the following: On January 12, 1928, petitioners filed a suit in the District Court against A. J. Evans and others, alleging that Evans had fraudulently conveyed certain of his property to other defendants, and praying for the appointment of a receiver of his property and the setting aside of the alleged fraudulent conveyances. The bill in that case was amended. As amended it showed the requisite diversity of citizenship, and that the amount in controversy exceeds the sum or value of $3,000. To that bill as amended the defendants therein interposed a motion to dismiss "upon the ground that it appears from the bill as amended that prior to the time of filing the same that the Superior Court of Peach County (herein referred to as the Superior Court), in an equitable cause, to-wit: Sabine Basket Company, et al., v. A. J. Evans et al., obtained jurisdiction of the parties and subject matter of complainants' bill, and still has jurisdiction thereof." Following the submission of that motion and argument of counsel, the District Court on August 30, 1930, made an order stating: "That this cause be and the same is hereby stayed and abated, and all further proceedings therein shall be suspended to await the result of the aforesaid suit in the State Court." The petition further showed that the following occurred prior to the institution of the suit of petitioners: On August 6, 1927, the Sabine Basket Company and others filed a petition in the superior court against A. J. Evans. That petition prayed the appointment of receivers of the property of Evans. Demurrers to that petition were overruled, and receivers were appointed as prayed for. On January 12, 1928 (the day petitioners' suit was brought), the Supreme Court of Georgia, Continental Trust Co. v. Sabine Basket Co., 165 Ga. 591, 141 S. E. 664, reversed the above-mentioned judgment of the superior court, deciding that the superior court had erred in overruling the demurrer and appointing receivers. The petition also showed that the following occurred after the suit of petitioners was begun and prior to the making of the order of August 30, 1930, staying and suspending proceedings: On March 12, 1928, the remittitur from the Supreme Court of Georgia was made the judgment of the superior court. On the same day that court allowed an amendment of the petition in that suit, exceptions being reserved to that action, revoked the order appointing receivers as of the date thereof, and denied prayers for receivers contained in the amended petition. Thereafter the superior court made an order discharging its receivers and ordering them to deliver the property in their custody to said Evans. In August, 1928, the District Court made an order adjudging said Evans a bankrupt and appointing a receiver in bankruptcy. That order was reversed by this court, the mandate of this court was made the judgment of the District Court, and the receiver in bankruptcy was discharged. The record showed that the superior court receivers took charge of all the property of Evans, and handled it under directions of that court, applying portions of it to certain of his debts. Under orders of that court the receivers settled a claim against Evans aggregating about $78,000, and brought a suit to set aside as fraudulent a conveyance of real estate by Evans to one Trombetti, who quitclaimed that property to the wife of Evans.

The above-mentioned motion to dismiss raised the question whether the prior institution of the suit in the superior court and the continued pendency of that suit, subject to be carried again by appeal to the Supreme Court of Georgia, did or did not have the effect of vesting that court with the power to hear and determine all controversies relating to property of Evans sought to be taken possession of by court receivers, and disabling the District Court from interfering

therewith. The question whether the proceedings in the suit brought in the superior court afforded a defense—because of any control acquired by the superior court over the subject-matter—to the suit in the District Court, was not a question affecting the jurisdiction of the last named court, but was a question affecting the merits of the cause, and as such to be tried and determined by that court in the exercise of its jurisdiction. Huntington v. Laidley, 176 U. S. 668, 20 S. Ct. 526, 44 L. Ed. 630. As the District Court has rendered no final decision, that question is not now before this court for decision. The decision of that question was not dependent upon the result of the suit in the superior court, or on what might be done therein after the submission to the District Court of the above-mentioned motion to dismiss. By the submission of that motion the District Court had presented to it for decision a case within its jurisdiction and ready to be decided. By the above-mentioned order the District Court halted the exercise of its jurisdiction, to await action of another court which could not affect the right of the District Court to exercise its jurisdiction. That order had the effect of a failure or refusal of the District Court to decide a pending case which had been submitted to it for decision. No sufficient reason appearing for the failure of the District Court to proceed to final judgment in order that this court may exercise the jurisdiction of review given by law, a writ of mandamus is appropriate to compel the District Court to determine the question submitted to it for decision by the motion to dismiss. McClellan v. Carland, 217 U. S. 268, 280, 30 S. Ct. 501, 54 L. Ed. 762.

We conclude that the petitioners are entitled to the relief prayed for. As we assume that the issue of the writ of mandamus will not be required after the District Judge shall have been informed of the just stated conclusion, it is ordered that a copy of this opinion be certified to the District Judge. The petitioners have leave to apply to this court for further orders.