## DAVIS v. SHACKLEFORD.
### No. 10816.

Circuit Court of Appeals, Eighth Circuit.
July 6, 1937.

R. Brown, of Creston, Iowa, for appellant.

John A. Senneff, of Mason City, Iowa (Senneff, Bliss & Senneff, of Mason City, Iowa, on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order dismissing the appellant's debtor's petition in proceedings under section 75 of the Bankruptcy Act (as amended [11 U.S.C.A. § 203]) and from a ruling on a motion to set said order of dismissal aside.

The order of dismissal is assailed on the ground that the court "committed error in dismissing said proceeding on its own motion for want of jurisdiction when Debtor's Petition, duly verified, alleged facts conferring jurisdiction, without a hearing had thereon, as to the fact questions involving jurisdiction; that there was no competent evidence before the court controverting the jurisdictional facts alleged and contained in Debtor's verified Petition."

The verified petition of appellant was filed October 20, 1936. It recited:

"The Petition of, Margaret Alice Davis, P. O. Address, 406 North Glen Oak, Peoria, Illinois, in the County of Wright, and district and State of Iowa, respectively represents:

"That the principal part of her income is derived from farming operations: That such operations occur in the County of Wright within said Judicial District and that she is unable to meet her debts as they mature, and that she desires to effect a composition or extension of time of payment of her debts under section 75 amendatory of the Bankruptcy Act."

On the same day an order was entered approving the petition, and on the following day it was referred to one of the Conciliation Commissioners of the court. On November 16, 1936, the debtor filed a motion asking for an order permitting her to proceed under section 74 of the Bankruptcy Act (as amended [11 U.S.C.A. § 202]). On November 21, 1936, without notice to the debtor and without hearing, the court sua sponte entered the order of dismissal complained of. The order is based upon the ground that the court "has no jurisdiction in the premises." The facts upon which this conclusion is based are recited in the order as follows:

"The motion of the debtor above mentioned now brings up for re-consideration the question of whether the debtor's petition was properly filed. And the Court having examined all papers and files, including the schedules in the matter, is now of opinion that the petition of the debtor was not properly filed and that the Court was in error in entering the Order of October 20, 1936, approving the same as properly filed under section 75 of the Bankruptcy Act. From an examination of the files and record in the case, including a communication by letter from debtor's counsel, it appears without controversy that the debtor is a resident of the city of Peoria in the State of Illinois, that she is a housewife, the wife of a practicing physician in that city. That while she has title to a farm in Wright County, Iowa, she leases it to a tenant and does not personally engage in any farming operations. It does not appear that the debtor has ever resided at any time within the Northern District of Iowa, nor within the State of Iowa, nor that she is or has been personally engaged in farming at any time or place within said District or State."

Upon the facts thus found, without a hearing, the court decided that appellant was not personally engaged in farming within the meaning of the act, and that in view of that conclusion subdivision (r) of section 75 of the Bankruptcy Act, as

amended, 11 U.S.C.A. § 203 (r) did not apply. That clause provides that "a farmer shall be deemed a resident of any county in which such [farming] operations occur."

We are not here concerned with the correctness of the court's conclusion. If it be true that appellant was not engaged in farming operations in the district within the meaning of the act, she is not entitled to its benefits, and the court is without jurisdiction to entertain the proceeding. In re Weis (D.C.Iowa) 10 F.Supp. 227, 229; In re Palma Bros. (D.C.Nev.) 8 F.Supp. 920, 922. It is also true that the court may inquire into his jurisdiction on his own motion, or upon motion of any interested party. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184, 56 S.Ct. 780, 782, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 200, 81 L.Ed. 183. The question presented is whether such an inquiry requires notice to the debtor and an opportunity to be heard in respect to the jurisdictional fact. In the case of In re Storey (D.C.Cal.) 9 F.Supp. 858, 860, involving a proceeding under section 75, an affidavit was filed asserting upon information and belief that the debtor was "not personally bona fide engaged primarily in farming operations." The court observed that the question thus raised was of great importance in the case, but he concluded that, "The question is one of fact and can only be decided upon a hearing had either before the court or by reference to a master."

It is true, as contended by appellee, that want of jurisdiction may be raised in the federal court at any stage of the proceedings. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 831, 80 L.Ed. 1263; Minnesota v. Hitchcock, 185 U.S. 373, 382, 385, 22 S.Ct. 650, 46 L.Ed. 954. But the question must be raised "in some appropriate mode." Morris v. Gilmer, 129 U.S. 315, 326, 9 S.Ct. 289, 292, 32 L.Ed. 690. And the court said in the Morris Case: "However done, it should be upon due notice to the parties to be affected by the dismissal." Without reasonable notice and an opportunity to produce evidence and to be heard upon the question of the verity of the jurisdictional fact, the order of dismissal is invalid. Hartog v. Memory, 116 U.S. 588, 591, 592, 6 S.Ct. 521, 29 L.Ed. 725; Barry v. Edmunds, 116 U.S. 550, 559, 6 S.Ct. 501, 29 L.Ed. 729; Wetmore v. Rymer, 169 U.S. 115, 122, 18 S.Ct. 293,

42 L.Ed. 682; Huntington v. Laidley, 176 U.S. 668, 678, 20 S.Ct. 526, 44 L.Ed. 630.

Other questions are argued in the briefs, but their consideration is not necessary to a proper determination of the appeal. Besides, none of the questions argued have been passed upon by the lower court.

For the reasons stated the order of dismissal appealed from is reversed, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.

Reversed.