In re STOREY.

No. 23869.

District Court, S. D. California, Central Division.

Nov. 27, 1934.

Lloyd S. Nix, of Los Angeles, Cal., for debtor.

John L. Mace, of Los Angeles, Cal., for Pacific States Savings & Loan Co.

JAMES, District Judge.

The debtor filed her petition on September 4, 1934, to have the advantages of section 75 of the Bankruptcy Act, as amended (11 USCA § 203). This section relates exclusively to "agricultural compositions and extensions." The relief therein described is extended to "farmers" only. "Farmer" is defined in the act as being "any individual who is personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations." Section 75 (r), 11 USCA § 75 (r). The debtor in her original petition alleged that the principal part of her income was derived from farming operations. She specified particularly an orange grove, located at Glendora in Los Angeles county, consisting of approximately ten acres, as constituting her farm property. By her schedules it is shown that she owns various other property, including a brick business building at Balboa, Cal. The Glendora property and the brick business block at Balboa are mortgaged. The Pacific States Savings & Loan Company is the owner of the trust deed securing a debt in the amount of $19,141.24 on the latter property. While the original proceeding was pending, looking toward a composition of the debtor's obligations, the holder of the trust deed mentioned secured an order from this court allowing it to proceed to sell in satisfaction of its debt. The debtor failed to obtain a consent of creditors to a composition or extension, and thereafter filed an amended petition under provisions contained in section (s) of the Agricultural Compositions and Extensions Act, which subdivision was added by Congress under act approved June 28, 1934, 11 USCA § 203 (s). An order of adjudication followed, and the debtor then applied to this court by motion for an order restraining the Pacific States Savings & Loan Company from proceeding further with the sale of the Balboa business block.

■ Where the debtor asks to be adjudicated under subdivision (s), the court is without power to permit any lienholder to proceed to subject the lien property to the payment of his debt. It is pointed out by the lienholder that subdivision (p) of section 75, 11 USCA § 203 (p), expressly provides that restrictions in subdivision (o) preceding, which do not permit proceedings to be taken by creditors holding liens or otherwise without leave of court, shall not apply where the property affected is other than that used in farming operations. That only means, of course, that the lienholder in such a case might proceed to foreclose or sell, unless the court, exercising its general powers applicable to bankruptcy matters, ordered such sale to be restrained. The exception under subdivision (p) did not deprive the court of jurisdiction in a composition proceeding over all the property of the farmer. Subdivision (n), 11 USCA § 203 (n), provides that the filing of a petition for relief under section 75 "shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court." That subdivision also declares that the jurisdiction and powers of the court, etc., shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication entered on the day when the farmer's petition or answer is filed. Now, under subdivision (s), 11 USCA § 203 (s), it is provided that where composition or extension efforts have failed, a farmer may "petition the court that all of his property, whether pledged, encumbered, or unincumbered, by liens or otherwise, be appraised," etc. The original terms of section 75, of course, are to be read in connection with the amendment (s) so far as it is consistent so to do. Subdivision (s) provides in effect for a new proceeding. It makes no provision for exempting any property from the procedure therein delineated. I have read and re-read the original act and the amendatory one and am unable to conclude that the exceptions provided in subdivision (p) are applicable to the proceeding after adjudication. I have already indicated my view that even under the original act the court might restrain proceedings to foreclose mortgage security or enforce trust deed sale, for all of the property of the debtor would be by his or her petition brought within the jurisdiction of the court. I feel therefore compelled, as at present advised, to grant the petition of the debtor to restrain the Pacific States Savings & Loan Company from proceeding with the trust deed sale on the Balboa business property.

■ This ruling is made without giving consideration to very important questions as to the constitutionality of the amendment as contained in subdivision (s). There have been rulings both ways as to the validity

of that act. The act is of an unusual character and its provisions are not expressed with great clearness. This fact was noted by the President when he signed the act and said: "The bill is in some respects loosely worded and will require amendment at the next session of Congress." Meanwhile the courts will be compelled to make the best interpretation of the law as seems reasonable, considering the purpose in mind which prompted its passage. The whole of section 75 was directly and particularly in the interest of "farmers." I note in an affidavit filed in this matter on behalf of Pacific States Savings & Loan Company it is asserted on information and belief that the debtor is not personally bona fide engaged primarily in farming operations, nor that her principal income is derived from such operations. If the fact is as asserted, the question becomes of great importance in the case. The debtor made a prima facie showing by alleging in her petition that the principal part of her income was derived from farming operations. Unless this is true, of course the court is not given jurisdiction of the proceeding at all. However, while no time is provided for the making of such an attack, it seems apparent that a motion to dismiss made on behalf of any creditor would be entitled to be heard whenever presented to the court —at least if made before orders of distribution and performance thereunder were entered. I note in the schedules of the bankrupt that the larger value is stated as for property other than the ten-acre orange grove which the debtor asserts constitutes the whole of her farming operations. I note that on three business lots at Balboa there is a boat shop, two small cottages, and a two-story brick business building. Then there is lot 4, a vacant city lot at Balboa; then there are lots 1, 2, and 3 at Newport Beach, with a small shop and pier as improvements; also other land at the same place, being lots 4 and 5, and extending to the ordinary high tide line. This item is listed as being improved with a boat shop and pier. Then there is listed in Los Angeles county a lot at Hyde Park on which is a small bungalow. The whole of the remaining property listed is some public school land in Texas, and the ten-acre orange grove here at Glendora. As I have stated, the debtor assigns a value to the nonfarming property greater than that which she assigns to the ten-acre orange grove. If, as a fact, she secures the principal part of her income from these various properties improved with business buildings, etc., then she is not entitled to benefits of the act and her case would be without the jurisdiction of the court. There have been some interesting cases under the old Bankruptcy Act where farmers were exempt from its provisions—this for their protection to prevent creditors filing involuntary petitions against them. The question as to who should be classed as a farmer where he is engaged in other activities was considered by the Circuit Court for this circuit in Re Brown et al. (C. C. A.) 253 F. 357. See, also, In re Macklem, 22 F.(2d) 426 (D. C. Md.).

The question is one of fact and can only be decided upon a hearing had either before the court or by reference to a master. While I am granting the restraining order asked for by the debtor in this case as against Pacific States Savings & Loan Company, this is without prejudice to a motion by any creditor to dismiss the proceedings on the ground that the qualification of plaintiff as a farmer does not exist.