534

## In re HOWARD.
### No. 10374.

Circuit Court of Appeals, Fifth Circuit.

Sept. 4, 1942.

W. H. Sadler, of Birmingham, Ala., for petitioners.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

On considering the answer of the Judge and the reply thereto, we understand that a petition in involuntary bankruptcy was filed sixteen months ago, with an application by a mortgage creditor to sell the mortgaged property. Adjudication in bankruptcy was stopped, either by a denial of the grounds alleged or by a motion to dismiss because no sufficient allegations were made. The issue, whether of law or fact, remains untried after several postponements, the last one on the Judge's own motion to await a decision of the Supreme Court in another case to be argued next October, which decision it is thought will throw light on the value of the mortgaged property and what ought equitably to be done with it. Mandamus is sought to compel a hearing of the issue of bankruptcy vel non. The only reason put forward for not hearing it is the right of the Judge to exercise a discretion in such matters and under the circumstances above stated, relating wholly to the disposition of the mortgaged property.

We of course recognize the general discretion of a trial Judge to control the time of hearing of cases in his court. If the business of the court or the convenience of the Judge had required postponement a different question would be presented. So would it be if a trial of the merits were the question and the just rights of the parties were thought to require postponement. But here the issue for trial relates to the jurisdiction of the Court as a court of bankruptcy. If there is no case within that jurisdiction, the court should so declare and leave all parties to their remedies elsewhere. If a case for bankruptcy exists, then the court is in position and under duty to direct a right disposition of this mortgaged property and any other which the bankrupt may own. We are of opinion that until jurisdiction in bankruptcy has been settled, the court ought not to attempt to consider what ought to be done about any property, or base any delay upon such consideration. It is the duty of the court to determine as promptly as may be whether or not there is a proper case of bankruptcy, and any postponement for the reasons here advanced is an abuse of discretion. As the Judge has stated in his answer, our opinion alone is necessary to direct him. We do not order a peremptory mandamus, but that a copy of this opinion be furnished him. The petitioner may apply for further orders if necessary. United States Mortgage & Trust Co. v. Deaver, Judge, 5 Cir., 44 F.2d 913.